## NESBIT v. THE TOWN OF GARNER.

1. **Negligence:** OF DRIVER : IMPUTATION TO INVITED PASSENGER. In an action against the defendant town for an injury to the plaintiff caused by a defect in defendant's street, it appeared that plaintiff was at the time of the injury riding in the carriage of a neighbor, upon his invitation, and that the carriage was driven by one who had been the neighbor's servant, but whose term of service had expired on the previous day, and that the driver was guilty of negligence contributing to the injury, and that plaintiff neither assumed nor exercised any control over the driver of the team. *Held* that in such case the contributory negligence of the driver could not be imputed to plaintiff so as to defeat his recovery. ( See opinion for cases distinguished, and for a discussion of the doctrine of imputed negligence upon the authorities ).

2. ———— : ———— : ————: COMMON PURPOSE : QUESTION FOR JURY. In such case, if the driver and the plaintiff were at the time of the accident engaged in the pursuit of a common purpose, the negligence of the driver might have been imputed to plaintiff, under the rule of *Payne v. Chicago, R. I. & P. Ry. Co.*, 39 Iowa, 523, and whether they were so engaged was a question for the jury under the evidence.

3. **Evidence:** WEIGHT : COMPETENCY. Measurements of a depression in a street, taken some time after an accident caused thereby, and after the depth of the depression had increased, were competent to show the condition at the time of the accident, where other testimony showed the amount of the change.

*Appeal from Hancock District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, OCTOBER 3, 1888.

ACTION for the recovery of damages for a personal injury caused, as was alleged, by a defect in a public highway which defendant was bound to maintain. Verdict and judgment for defendant. Plaintiff appeals.

*J. F. Thompson*, *C. H. Kelly* and *L. S. Butler*, for appellant.

*Bush & Wichman* and *W. E. Bradford*, for appellee.

REED, J. I.—Plaintiff, when riding on one of the streets of the defendant town, was thrown from the vehicle in which he was riding, and sustained serious injuries. The accident happened at a plank crossing, constructed and maintained by the town, at the intersection of two streets. The negligence alleged is that the crossing was built above the level of the street, and that it was not so filled in on the sides as to form a proper and safe approach. The evidence tended to prove that the earth, which had originally formed the slopes from the level of the street to the top of the crossing, had been worn away on one side, and that the accident was caused by the dropping of the front wheels of the vehicle into this depression. Plaintiff resided in the country, and on the day of the injury he was invited by one of his neighbors to accompany him to the town. They were accompanied by William Sheridan, who had been in the employ of the neighbor, but his term of service had expired the day before. The vehicle in which they rode, and the team by which it was drawn, belonged to the neighbor. Some time after they arrived in town, plaintiff and Sheridan went to a shop for the purpose of procuring some shovels belonging to a brother of the owner of the team and wagon, which he had requested them to carry to the country for him, and it was when they were driving from the shop to another part of the town that the accident occurred. Sheridan was driving the team at the time, and plaintiff testified that he neither gave any direction as to the manner of driving, nor assumed any control over the team or its movements.

1. NEGLIGENCE: of driver: imputation to invited passenger.

The district court gave the following instruction: "The law is that the driver of a private conveyance is the agent or servant of the person riding in such conveyance, and if such person, while riding along a public highway or street, is injured, in consequence of obstructions or defects negligently permitted to remain in the street or highway, and the driver is guilty of a want of ordinary care and caution, and his negligence materially contributes to such injury, then the persons injured cannot recover as against the town for the injury thus received." The principal question in the case is as to the correctness of this instruction.

That cases may arise in which the contributory negligence of another will be imputed to the one injured, and defeat his right of recovery for the injury, is certainly true, and that doctrine has been applied by this court. In *Payne v. Chicago, R. I. & P. Ry. Co.*, 39 Iowa, 523, it was held that all right of action in plaintiff's favor, for the injury he had sustained, was defeated by the gross negligence of the driver of the vehicle in which he was riding.

In *Yahn v. City of Ottumwa*, 60 Iowa, 429, it was held that the negligence of the plaintiff's husband, with whom she was riding at the time, contributing to the injury, would be imputed to her, and would defeat a recovery. But neither of those cases sustains the doctrine of the instruction. In the first case, the plaintiff and three others were riding together. The wagon and team belonged to one not a member of the party. It was under the control of one of the party, but at the time of the accident was being driven by another. The holding in the case is not based upon the idea that the relation of principal and agent existed between the plaintiff and the person who was driving the team at the time, but rests upon the fact that the parties were engaged in a common enterprise or purpose, in which each, to some extent, was responsible for the acts and conduct of the others. In the other case the evidence tended to show that the injury was occasioned by the act of the husband in driving upon an obstruction which

was in plain view. The doctrine that his negligence is imputed to her does not rest upon any supposed agency of the husband, but upon the relation of the parties. Under such circumstances, the wife is under the care of the husband. Her situation is very different from that of the friend or guest who, upon his invitation, rides with him for pleasure or convenience, but to whom he owes no special duty.

In *Slater v. Burlington, C. R. & N. Ry. Co.*, 71 Iowa, 209, the plaintiff, who was an infant of tender years, received the injury complained of when riding with his mother and natural guardian. The district court instructed that, if the mother had negligently exposed him to the danger, there could be no recovery. The correctness of that ruling was not controverted in this court upon the original submission ; and we reversed the judgment against the defendant upon the ground that, under it and the undisputed testimony, the verdict should have been the other way. A petition for rehearing was afterwards filed, in which, and in an oral argument in support of it, the doctrine of the instruction was combated with great learning and ability. But we felt ourselves constrained to overrule the petition without considering the question as to the correctness of the instruction, on the ground that, whether correct or not, the jury were not at liberty to disregard it.

In *Stafford v. City of Oskaloosa*, 57 Iowa, 748, language is used which appears to support the doctrine of the instruction, and that case has been cited by other courts and text-writers in support of it. When the record is looked into, however, it does not commit this court to the doctrine. In its facts it was similar to the present case. The plaintiff, by invitation of Clark, was riding with the latter, who owned and was driving the vehicle and team. The sleigh was driven upon an obstruction, and overturned, and plaintiff was injured. The circuit court gave an instruction substantially the same as the one in question. The city was the appellant, and, as the instruction was favorable to it, of course the appeal did not bring the question as to its correct-

ness here for review. Nor was it contended that it was erroneous. In the eighth division of the opinion, in discussing another instruction, it is said that if Clark was negligent the plaintiff could not have recovered, whether he did or did not have knowledge of Clark's prior negligence,—that being the subject to which the instruction under consideration related. This language was used with reference to the law of the case as settled by the instruction, and which, upon the record before us, we could not review, but were bound to accept as correct, and was not intended as the annunciation of a general principle. The holding of those cases, then, is (1) that when several parties are engaged in a common enterprise, and one is injured by the joint negligence of one of his associates and another, the negligence of his associate will be imputed to him, and will defeat all right of recovery against the other party ; and (2) that when a person is injured through the common negligence of one, who, from their relation, is bound to care for and protect him, and another, the negligence of the former will be imputed to him, and will defeat a recovery against the other party. But that is as far as this court has gone. And we have never had occasion to consider the doctrine of the present instruction. That doctrine, in effect, is that when one rides upon the public highway in the vehicle of another, the driver, as matter of law, becomes his agent or servant in such sense that his negligence, contributing to an injury occasioned by a defect or obstruction in the highway, will be imputed to him, regardless of the real relations of the parties. That this doctrine finds support in some of the adjudicated cases is certainly true. *Thorogood v. Bryan*, 8 C. B. 114, is perhaps the leading case supporting the doctrine. In that case the plaintiff, having alighted from an omnibus, was run over and injured by a vehicle belonging to another line. The action was against the proprietor of the carriage which inflicted the injury ; and it was held that, as the driver of the vehicle from which the plaintiff alighted was negligent in that he had neglected to drive his carriage to the curb, which negligence contributed to

Nesbit v. The Town of Garner.

the injury, there could be no recovery. The case, however, has been criticised in England ( *The Milan*, Lush, 388), and it has not been generally followed in this country. Indeed, many American courts, whose opinions are of the highest authority, have pronounced it unsound. See *Bennett v. N. J. Ry. & T. Co.*, 36 N. J. Law, 225 ; *N. Y., L. E. & W. Ry. Co. v. Steinbrenner*, 47 N. J. Law, 161; *Chapman v. New Haven Ry. Co.*, 19 N. Y. 341 ; *Dyer v. Erie Ry. Co.*, 71 N. Y. 228 ; *Transfer Co. v. Kelly*, 36 Ohio St. 86 ; *Wabash, St. L. & P. Ry. Co. v. Shacklet*, 105 Ill. 364 ; *Little v. Hackett*, 116 U. S. 366, 6 Sup. Ct. Rep. 391. And we think the doctrine is contrary to sound reason and well-settled legal principles. Of course, the general doctrine that the principal is bound by the acts and conduct of his agent is not disputed. If he suffers an injury through the negligence of another, but to which the negligence of his servant, or agent, while engaged in the business of his employment, contributes, there can be no recovery. But the relation of principal and agent must exist in fact. The law will not create or presume the relation from the mere fact that he accepted the invitation of another to ride in his carriage. If he is but the guest of the other, and neither has nor assumes the right to direct or control the conduct of the driver, neither he nor the owner can be regarded as his servant. In such case he would not be answerable to a third person for an injury caused by the negligence of the driver ; and it seems to us that there is no principle of law upon which such negligence can be imputed to him when it contributes to his own injury. In the present case the evidence tended to prove that plaintiff was riding in the vehicle, on the invitation of the owner, and that he neither exercised nor assumed any control over the movements of the team.

II. But it was contended that, when plaintiff and Sheridan went with the team to the shop, they engaged in a common enterprise, and that the case is therefore within the rule of *Payne v. Ry. Co.*, *supra*. But whether that was true was a question for the jury, and should have been

2. —: —: —: common purpose : question for jury.

submitted for their determination.    The doctrine of the instruction, however, is that if Sheridan's negligence contributed to the injury, there could be no recovery, whether that was true or not.

III.    The court excluded the evidence of certain measurements made by plaintiff and others, some time after the accident, to determine the depth of the depression at the side of the crossing into which the wheels dropped.    The ground of the ruling was that it did not appear that the ground was in the same condition when the measurements were made as at the time of the accident.    The witnesses, however, made such comparisons of its condition at the different times as that the measurements afforded some *data* by which to determine the depth of the depression at the time of the accident.    The objection, we think, went rather to the weight of the evidence than to its competency, and it should have been overruled.                              REVERSED.

3. Evidence:
 weight:
 competency.