Olson, Respondent, vs. The Town of Luck, Appellant.

*April 6 — April 25, 1899.*

(1) *Appeal: Exceptions.* (2–5) *Defective highways: Instructions to jury: Special verdict: Contributory negligence: Evidence: Notice.*

1. Error cannot be assigned upon the charge to the jury where no exceptions thereto are filed during the trial term.

2. In an action for personal injuries happening by reason of a projecting rock claimed to be a defect in a highway it is not error to refuse to submit to the jury, as part of a special verdict, the question of the contributory negligence of the driver of the horse attached to the wagon in which plaintiff was riding at the time she was injured, where the question of plaintiff's contributory negligence was submitted under proper instructions.

3. In such a case it is error to receive evidence of defects in the highway other than at the place of the accident.

4. The rule that such evidence is admissible for the purpose of proving constructive notice to the corporation ceases, when the question of notice is not material by reason of the length of time the defect has existed.

5. Such evidence is not admissible on the question whether the harness broke before or after the wagon struck the rock; it is immaterial to the main question litigated, and calculated to induce a verdict on general principles rather than on competent evidence of the existence of the defect charged.

APPEAL from a judgment of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Reversed.*

The plaintiff sued the defendant town for personal injuries sustained by being thrown from a wagon in which she was riding; her fall being caused, as she claims, by the wagon striking a large projecting rock in a highway of the town just at the side of the traveled track. It appeared on the trial that one Stone was driving, and that he and the plaintiff were riding in a one-horse wagon, when from some cause both of them were thrown out, and the horse ran away, and left the wagon at a point about a mile and a half further

Olson vs. The Town of Luck.

along the highway; and that some parts of the harness and wagon were broken. The evidence of the defendant tended to show that the rock in question was not as large as claimed by the plaintiff, and not prominent enough to constitute a defect in the highway; and the claim was also made that the accident was the result of a break in the harness occurring while the horse was coming down a hill, just before reaching the rock.

A special verdict was returned, by which it was found, in reply to questions, (1) that the defendant was guilty of want of ordinary care in respect to the condition of the highway at the time and place of the accident; (2) that such want of ordinary care was the proximate cause of the plaintiff's injury; (3) that the plaintiff was not guilty of any want of ordinary care that contributed to her injury; and (4) that the plaintiff's damages amounted to $1,300.

After argument had been made to the jury, the defendant requested the submission of two additional questions as part of the special verdict; the first of which questions asked the jury whether the driver of the wagon was guilty of contributory negligence, and the second question asked whether such contributory negligence on the part of the driver, coupled with want of ordinary care on the part of the defendant, was the proximate cause of the plaintiff's injury. The submission of both of these questions was refused by the court, which stated, as one reason therefor, that the requests came too late, and exceptions were taken to the rulings. The charge of the court is not preserved in the bill of exceptions, with the exception of two detached sentences, and no exceptions were taken to any part of the charge during the trial term.

Judgment for the plaintiff was entered upon the verdict, and from this judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *H. P. Burdick*, and for the respondent on that of *Frank B. Dorothy*.

Olson vs. The Town of Luck.

WINSLOW, J. Inasmuch as no exceptions to the charge of the court were filed during the trial term, no errors can be successfully assigned upon the charge. Stats. 1898, sec. 2869; Circuit Court Rule XXIV, sec. 3. Nor can we say that it was error to refuse to submit to the jury, as a part of the special verdict, the questions submitted by the defendant as to the alleged contributory negligence of the driver of the horse. Such negligence, if there was any, would, on familiar principles, be imputable to the plaintiff, and, in legal effect, would become her negligence. *Ritger v. Milwaukee*, 99 Wis. 190. So, the question of the verdict, which asks whether the plaintiff was guilty of contributory negligence, would, under proper instructions (which we must assume were given), cover the question of the contributory negligence of the driver of the vehicle.

There is, however, one error assigned which, in our opinion, is fatal to the judgment. The plaintiff was allowed to prove, against objection, that the highway between the place of the accident and the place where the wagon was found (a distance of more than a mile) was full of rocks and holes. Of course, the fact that there were other serious defects in the road at other points, at a distance from the alleged defect which caused the accident, can have no legitimate bearing on the question as to whether the projecting stone in question was or was not an actionable defect, but it is manifest that such evidence would be almost certain to have great weight with the jury upon this very question. It is true there are a number of cases in this court holding that, where a defect in a certain sidewalk, bridge, or other similar structure is charged to have caused an injury, evidence of the general bad condition of the same sidewalk, bridge, or structure may be shown, provided the general disrepair proven is of the same general character as the defect in question. *Shaw v. Sun Prairie*, 74 Wis. 105; *Barrett v. Hammond*, 87 Wis. 654. In these cases, however, such tes-

Olson vs. The Town of Luck.

timony was not admitted for the purpose of proving negligence or that the defect in question existed, but only for the purpose of proving constructive notice to the corporation of the defect in question, which would be fairly inferable from the existence of many similar defects, resulting from the same general cause, in the same structure.

In the present case the projecting stone appears to have been (if a defect at all) a defect in the original construction of the road which had existed for many years, and hence the question of notice was not material, and the principle laid down in the decisions cited does not apply. It was argued that this testimony was admissible for the purpose of showing that the harness was probably broken after the horse ran away, and thus refute the defendant's theory that the harness broke before reaching the stone. The testimony was, however (except in one instance), received generally; and, even were this not the case, we are unwilling to sanction a rule which would place before the jury evidence of this character, which is immaterial on the main question litigated, and so well calculated to induce a verdict founded upon what may be called general principles, rather than upon competent evidence of the defect charged. Such a rule would open up many immaterial issues, and would, we think, be dangerous in the extreme, and tend to hold corporations liable because they had been negligent in distant places, when perhaps there had been no negligence fairly shown at the place of the accident.

*By the Court.*— Judgment reversed, and action remanded for a new trial.