## Chicago Union Traction Company v. Minnie E. Leach.

### Gen. No. 11,580.

1.  IMPUTED NEGLIGENCE—*when doctrine of, does not apply.*  Where a person is injured through the joint negligence of two tort-feasors, the doctrine of imputed negligence does not apply, where the injured person did not, as to either of such tort-feasors, sustain the relation of superior or master, and where such injured person did not in anywise direct the course of action pursued by either of them.

2.  INSTRUCTION—*when may be refused, notwithstanding it contains a correct principle of law applied to the case.*  A correct instruction may be refused when its substance is embodied in other instructions given.

Action on the case for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in this court at the October term, 1903.  Affirmed.  Opinion filed November 28, 1904.

**Statement by the Court.**  January 11, 1902, appellee, accompanied by two other women and her husband, was returning from a funeral in a closed carriage which he had hired from a liveryman.  The driver was an employee of the owner of the carriage.  One of the women left the carriage before the scene of the accident was reached.  After that the carriage was stopped, with the horses facing east, in front of a house situated on the south side of Van Buren street, which runs east and west, twenty feet east of California avenue, which runs north and south, in the city of Chicago.  In and along Van Buren street appellant was then operating a double track electric street railway.  The time was from 5:30 to 6 P. M.  It was dusk or dark.  The carriage lamps, one on each end of the driver's seat, were lighted.  Appellee remained seated.  Her husband accompanied the other woman to the gate and then returned to the carriage.  Before taking his seat therein he told the driver where to go, but gave him no other directions.  He then stepped in and closed the door.  The driver started his team, turning them from the east in a northerly direction across the tracks, intending to go north on California ave-

nue. Before the carriage had cleared the tracks it was struck by an east-bound train operated by the servants of appellant, and appellee was thereby injured. Upon the trial she recovered a judgment for $3,000, from the entry of which this appeal was perfected.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

WATERS, JOHNSON & BAKER, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant contends that the evidence does not sustain the verdict, because, as it alleges, the accident was caused solely by the negligent act of the driver of the carriage in turning his team across the street railway track, between street intersections, directly in front of an approaching car too near that car to allow it to stop in time to avoid a collision.

The general rule is that where one has been injured by the wrongful act of another, to which he in no way contributed, he is entitled to compensation in damages from the wrongdoer, unless a contributory cause of the injury was the negligence or fault of some person towards whom the injured party sustained the relation of superior or master. In the case at bar the driver was not the servant of appellee, but of the owner of the carriage and horses. That appellee took no part in the actual management of the team and gave no orders to the driver, is too plain for discussion.

The doctrine of imputable negligence was announced in England in Thorogood, Admx., etc.. v. Bryan, 8 M. G. & S. (65 E. C. L.) 116 (1849). There the deceased was a passenger in an omnibus belonging to one Barber. The defendant was the proprietress of another omnibus running on the same line of road. Both vehicles had started together and had frequently passed each other, as either stopped to take up or to set down a passenger. The de-

ceased, wishing to alight, did not wait for the omnibus to draw up to the curb, but got out while it was in motion, and far enough from the curb to allow another carriage to pass on the near side. The defendant's omnibus coming up at the moment, the deceased was unable to get out of the way and was knocked down and run over, and seven days thereafter died of the injuries he so sustained. The learned trial judge charged the jury, among other things, that if they were of the opinion that want of care on the part of the driver of Barber's omnibus in not drawing up to the curb to put the deceased down, had been conducive to the injury, notwithstanding the defendant (by her servant) had been guilty of negligence, their verdict must be for the defendant. The jury returned a verdict for the defendant. A rule *nisi* for a new trial, on the ground of misdirection was obtained. The court, after full argument, discharged the rule. Coltman, J., said: "The passenger is so far identified with the carriage in which he is traveling, that want of care on the part of the driver will be a defense of the driver of the carriage which directly caused the injury." Maule, J., said : "The deceased must be considered as identified with the driver of the omnibus in which he voluntarily became a passenger, and that the negligence of the driver was the negligence of the deceased."

The judges of England have not submitted patiently to this decision. It has been followed in this country by but few courts, and has been repudiated by many. In Little v. Hackett, 116 U. S. 366, where the plaintiff hired a hack and gave the driver directions as to where he wished to go, but exercised no other control over his conduct, it was held that the plaintiff was not responsible for the acts or negligence of the driver, nor was he prevented from recovering against a railway company for injuries suffered from a collision of its train with the hack caused by the negligence of both the managers of the train and of the driver of the hack. The court says that "the decision in Thorogood v. Bryan rests upon indefensible ground."

In Hoag v. N. Y. C. & H. R. Ry. Co., 111 N. Y. 199, the

deceased was riding in a buggy driven by her husband. They were killed at a railway crossing. In an action by her administrator against the railway company for damages, it was decided that if her husband was negligent his negligence was not to be imputed to her, and that the question as to whether or not she was personally free from negligence contributing to the injury was a question for the jury.

In N. Y., etc., Ry. Co. v. Steinbrenner, 47 N. J. L. 161, the plaintiff hired a coach, horses and driver for a journey. While on the way he was injured in a collision at a railway crossing, and brought suit against the railway company to recover damages. At the trial one of the defenses was that of contributory negligence. The trial judge refused to charge the jury that the negligence of the driver of the coach was imputable to the plaintiff, and did not submit the question of the driver's negligence to them. The plaintiff had a verdict. Upon appeal the court found the facts that " If the driver was negligent in venturing upon the track, the plaintiff neither encouraged his negligent act, nor did he contribute to it by any negligence of his own," and decided as matter of law that the refusal to charge that the negligence of the driver was imputable to the plaintiff was correct. To the same effect is Louisville, etc., Ry. Co. v. Case, 9 Bush (Ky.), 728; Cuddy v. Horn, 46 Mich. 596; Koplitz v. St. Paul, 86 Minn. 373; U. P. Ry. Co. v. Lapsley, 51 Fed. Rep. 174; Nesbit v. Town of Garner, 75 Iowa 314; Street Ry. Co. v. Eadie, 43 Ohio St. 91.

The Supreme Court of this state in Wabash, etc., Ry. Co. v. Shacklet, 105 Ill. 364, consider the Thorogood case and refuse to follow it. The court lay down the rule that where a passenger on a railway train is injured by the mutual negligence of the servants of the company on whose train he is rightfully travelling, and of the servants of another company with whom he has no contract, there being no fault or negligence on his part, he may maintain an action against either company or sue them jointly.

They further say that the same principles which apply to collisions between rival omnibuses are applicable to railway collisions, under like circumstances. See, also, Chicago H. P. B. Co. v. Campbell, in this court, unpublished, opinion handed down October 10, 1904, and cases therein cited.

It is undisputed that appellee gave no directions to the driver, and in no way interfered with him in the management of the team. It is clear upon these facts and under the authorities cited, that the negligence, if any, of the driver contributing to the accident cannot be imputed to her.

The remaining question of fact is this: Was the accident proximately caused in part by the negligence of the motorman in charge of the car?

The evidence of appellee tends to prove that at the time of the collision the car was running at a high and dangerous rate of speed; that no bell was rung or other warning given of its approach; that the headlight on the car was not burning; that no effort was made to check the speed of the car until it collided with the carriage; and that the motorman was not looking ahead, and did not see the carriage until after or at the moment it was struck by the car.

Upon all these points the evidence is conflicting. Upon some of them it is irreconcilable. The jury by its verdict resolved these contentions in favor of appellee. The trial judge, by entering judgment thereon, has approved the verdict. A careful examination of the whole evidence convinces us that we ought not to disturb this result.

Appellant asked the court to give to the jury the following instruction: " If the jury believe from the evidence under the instructions of the court, that the sole cause of the injury to the plaintiff was the negligent manner in which the horses and carriage in question were driven or managed, if you believe from the evidence that such horses and carriage were negligently driven or managed, then it is the duty of the jury to find the defendant not guilty." The court refused so to charge, and this refusal is alleged to constitute reversible error. The substance of this instruction is

contained in given instructions Nos. 5, 6 and 17.  A correct instruction may be refused where its substance is embodied in other given instructions.  The instructions as to the law are to be construed as one charge, and the jury are presumed to have considered them in that way.  If taken as a whole the given instructions present the law of the case with substantial correctness, it is sufficient.  Toluca, etc., Ry. Co. v. Haws, 194 Ill. 93; W. Chicago St. Ry. Co. v. Lieserowitz, 197 Ill. 617; Baker v. Baker, 202 Ill. 595.

Believing that substantial justice has been done in this case, and that the record contains no reversible error, we affirm the judgment of the Superior Court.

*Affirmed.*