LIGHTFOOT, Appellant, vs. WINNEBAGO TRACTION COMPANY, Respondent.

*November 17, 1904—January 10, 1905.*

*Street railways: Personal injuries: Evidence: Competency: Remarks of trial judge: Appeal and error: Exceptions: Negligence: Proximate cause: Contributory negligence: Instructions to jury: Agency: Imputed negligence.*

1. In an action against a street railway company for personal injuries it appeared, among other things, that plaintiff, who was riding in a vehicle with a driver behind a wagon loaded with wood, turned onto defendant's tracks, when a collision took

place with one of its cars, whereby plaintiff was injured. The owner of the wood wagon and the driver of the team were both unknown to plaintiff or her companion, and she had no way of identifying the particular wood wagon in question. As to the height and width of such wagon plaintiff's witnesses had only given estimates. *Held*, that it was not error to allow a witness, called by defendant, who was familiar with wood wagons in common use, to testify to the height of an ordinary wood wagon. Such testimony was the best evidence the defendant could give under the circumstances.

2. In such case, it is not prejudicial error for the trial judge to remark, in overruling an objection to a question calling for the height of a wood wagon by actual measurement, that the fact that it was a wood wagon was the only information the jury had gotten from the testimony.

3. The appellate court will not review remarks made by the trial court on overruling an objection to testimony, where, while exception was taken to the overruling the objection to the testimony, no exception was taken to the language of the court.

4. In an action for personal injuries, the evidence, stated in the opinion, is *held* to sustain a finding that want of ordinary care and prudence on the part of the defendant was not the proximate cause of plaintiff's injury.

5. In an action for personal injuries it is not error to refuse a requested instruction, which consisted in stating the requisite conduct of a person "in the face of unexpected and deadly danger" where there was evidence tending to prove that such danger was created by such person.

6. Where the jury have found in favor of one party on a given question, no portion of the instructions to the jury on that question can be said to have prejudiced such party in its determination.

7. In an action for personal injuries received by collision with a street car, instructions to the jury on the duties of a traveler, stated in the opinion, are *held* to have informed the jury that the defendant was only responsible for the misconduct of its motorman, and not for the misconduct of others over whom it had no control.

8. In this state, the driver of a private conveyance is the agent of the person in such conveyance, and the driver's negligence, if it contributes to the injury complained of by such person, will defeat the action, and it is not error to so instruct the jury.

9. Where the jury have found that the defendant's negligence was not the proximate cause of the plaintiff's injury, it is unnecessary to consider the question of contributory negligence.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injury sustained by the plaintiff about 3 o'clock in the afternoon of September 23, 1902, while riding in a single carriage, drawn by one horse, driven by her companion, by reason of coming in collision with one of the defendant's street cars. It appears and is undisputed that Main street runs north and south in Oshkosh; that the defendant's track is in that street at the place of collision, and for at least one block north and one block south of the same; that Washington street intersects with, and runs east from, Main street, and at right angles with it; that Algoma street intersects with, and runs northwest from, Main street; that the center of Algoma street is twenty-five or thirty feet north of the center of Washington street, at their respective intersections; that the particular locality of such intersections was the most traveled of any in the city, and was paved with vitrified brick, which caused much noise as vehicles passed over the same; that Main street north of such intersections was narrower than south of it; that at the time in question the plaintiff, with her companion, was driving north on the east side of Main street, toward such intersections; that, upon reaching a point at or near the northwest corner of Washington street, they started west across the defendant's track toward Algoma street; that while in the act of crossing the defendant's track they were struck by one of the defendant's cars coming from the north, and the plaintiff was badly injured. The answer was a general denial, and allegations of contributory negligence on the part of the plaintiff and the driver. There is evidence on the part of the plaintiff tending to prove that at the time they started to go across the track the streets at such intersections were full of teams, and that there was a wagon loaded with wood ahead of them, so high as to obstruct their view of the coming car. Issue being joined, and trial had, the jury, at

the close of the trial, returned a special verdict wherein it was found (1) that the plaintiff was injured at the time and place alleged in the complaint; (2) that the defendant, through its employees, was guilty of a want of ordinary care and prudence in the operation of said car at the time of the accident; (3) that such want of ordinary care and prudence on the part of the defendant was not the proximate cause of the plaintiff's injury; (4) that the gong was sounded on approaching the intersection of Main and Washington streets; (5) that the motorman tried to stop the car as soon as it became apparent to him that there would be a collision; (6) that the car was running, when it struck the buggy, eight and one-half miles per hour; (7) that the want of ordinary care and prudence on the part of the plaintiff, *or the driver* of the wagon in which the plaintiff was riding, contributed to produce the injury; (8) that they assessed the plaintiff's damages at $2,000. From the judgment entered upon such verdict for $106.55 costs and disbursements as taxed, the plaintiff brings this appeal.

*W. H. Eaton* and *L. K. Eaton,* for the appellant.

For the respondent there was a brief by *Weed & Hollister,* and oral argument by *H. I. Weed.*

CASSODAY, C. J. The verdict seems to be supported by evidence. The question for consideration is whether there was any reversible error upon the trial.

1. One of the questions in controversy was whether there was contributory negligence on the part of the plaintiff, in failing to see the coming car in time to avoid driving onto the track immediately in front of it. The evidence on the part of the plaintiff tended to prove that as she and her companion moved north on the east side of Main street, toward the place of collision, as stated, they drove immediately behind a large wood wagon loaded with pine wood, from six to eight feet high and from six to seven feet wide; that they did not know

whose wagon it was, nor who was driving the team. One of the plaintiff's witnesses testified that he thought the wood wagon "belonged to some manufacturing establishment" in Oshkosh; and another, that he should judge that such wood wagon was at the time loaded with pinewood slabs, such as were got out by the Paine Lumber Company of Oshkosh; that he thought the wagon was sixteen feet long; that he "should judge it was the ordinary wood wagon used . . . on the streets by millmen delivering wood" in Oshkosh. In view of such testimony on the part of the plaintiff, we perceive no error in allowing the witness E. C. Owens, on the part of the defendant, to testify that he had lived in Oshkosh thirty-five years, and had been engaged in the business of manufacturing sash, doors, and blinds for twenty-five years, and was familiar with the wood wagons used by the millmen in Oshkosh; that he had measured such wagons to find out their height; that such wagons in use by his company (McMillen Co.), and such as were in usual use, were five feet high; that that company "used in their business wood wagons such as are commonly and ordinarily in use among millmen in the city of Oshkosh for delivering wood;" and that the highest of those wagons were five feet and four inches high, measuring from the ground to the top of the load, and about five feet wide; that such wagons were about the same as those used by the different manufacturers; that the loads driven by Paine Lumber Company, he should think, would be six or seven feet high; and that he supposed that the wood wagons of Morgan Company were about the same as those used by the McMillen Company. The owner of the wagon and the driver of the team were both unknown to the plaintiff and her companion. As appears, the plaintiff's witnesses had only given estimates as to the height of the wagon. The defendant had no way of identifying the particular wood wagon in question. The best evidence the defendant could give, under the circumstances, was as to the height of an ordinary wood

wagon in common use in Oshkosh. Such seems to have been the view of the testimony taken by the trial court in allowing the defendant to show what was the height of an ordinary wood wagon, and stating that such was the only information the jury had got from the testimony that it was such wood wagon. Counsel seem to think that the plaintiff was prejudiced by such remarks of the court on overruling the objection to the question calling for the height of such wood wagon by actual measurement. True, the court might have used more guarded language, but we fail to perceive any reversible error in such remarks of the court. Besides, it was only the objection to the testimony that was overruled, and to which exception was taken. No exception was taken to the language of the court in ruling upon the question. It is hardly necessary to say that the case differs widely from the recent case in this court cited by counsel—*Boyce v. Wilbur L. Co.* 119 Wis. 642, 645, 97 N. W. 563.

2. Error is assigned because the court refused to change the answer of the jury to the third question submitted from "No" to "Yes." This is the important question in the case, as here presented. By the second question the jury had found that the defendant was guilty of negligence in the operation of the car at the time of the accident; and by the third question, that such negligence was not the proximate cause of the plaintiff's injury. The question was peculiarly one of fact for the jury. The argument of counsel seems to be that the finding of the jury upon that question is only supported by the testimony of Owens, already mentioned, and that such testimony was incompetent, and should have been stricken out, as requested by the plaintiff. But as indicated, such testimony was competent. Besides, there was other testimony tending to sustain the third finding of the jury. Several witnesses testified that the gong was being sounded as the car approached the crossing. The motorman on the car testified that as he came down the street he saw the wagon close to the

track, and the horse and buggy, with the ladies in it, behind; and that they turned their horse and got onto the track seven or eight feet in front of the car. A passenger on the car testified that he noticed the wagon loaded with wood in front of the carriage, and that the horse and carriage, back of the wagon, turned north, and the horse came upon the track about ten feet ahead of the car. There is other evidence tending to prove that the ladies could have seen the approaching car before turning onto the track. Of course, if those on the car could, as they approached the crossing, see the ladies in the buggy notwithstanding the wood wagon, then the ladies could have seen the approaching car. We must hold that the evidence was sufficient to sustain the third finding of the jury.

3. It is claimed that the court committed numerous errors in charging the jury. Thirty exceptions have been taken to the charge. Such multiplicity of exceptions tends to weaken confidence in any particular exception. Only two of such exceptions relate to proximate cause. We perceive no error in either of them, and, as neither is mentioned in the brief of counsel, we assume they are not relied on. The only request of the plaintiff to charge upon that question, or any other, consisted in stating the requisite conduct of a person "in the face of unexpected and deadly danger," and was clearly not applicable to a case where there is evidence tending to prove that such danger was created by the person in question. We find no error in submitting the question of proximate cause.

4. Ten of such exceptions relate to the question whether the defendant was guilty of negligence in operating the car. On that question the court charged the jury that the burden of proof was on the plaintiff, and the jury found that the defendant was guilty of such negligence. The jury having found in favor of the plaintiff on that question, it is obvious that no portion of the charge prejudiced the plaintiff as to the determination on that question. The court charged the jury

on that question, however, not only as to the duties and obligations of the defendant and its motorman in operating the car, but also as to the rights, privileges, and expectation of the defendant and its motorman in so operating the car. In order that the jury might properly determine that question, the court also charged the jury as to the duties and obligations of those traveling on foot or in vehicles in streets where such cars were operated, and, among other things, that both parties were bound to use ordinary care and prudence under all the circumstances to prevent collision. Error is assigned because the court charged the jury:

"A traveler upon a street crossing, desiring to cross the street car track there situated, has not the same right to require the speed of a car to be slackened, to enable him to pass over the track, as the person in charge of the car has to require him to give way to allow the car to pass."

And then, after stating that it was the duty of a traveler about to cross a street car track "to look and listen for a coming car, and to perform that duty when and where he will have reasonable opportunity to render his efforts in that regard effective," the court further charged the jury:

"It is as much his duty, as a matter of law, to see an approaching car which is in plain sight and in dangerous proximity to the crossing, and not to negligently place himself in the way of it, as it is to look for the car. Testimony of a person or any number of persons that he or they, when approaching a street car track with a view of crossing it, looked along the track for a coming car, and did not see one, although a car was in plain sight, and so near the point of observation as to render an attempt to cross the track in front of it dangerous, is inconsistent with all reasonable probabilities."

The manifest purpose of such instructions was to inform the jury that the defendant was only responsible for the misconduct of its motorman, and not for the misconduct of others over whom it had no control.

5. Error is assigned because the court further charged the

Lightfoot v. Winnebago Traction Co. 123 Wis. 479.

jury upon the same question to the effect that, if the driver
of the vehicle in question was guilty of any want of ordinary
care and prudence at the time in question, then the law im-
putes such negligence to the plaintiff, who was riding with
her.    In support of such contention counsel cites numerous
adjudications, both English and American.    But this court
held, twenty-seven years ago, in an opinion by Chief Justice
RYAN, that "the driver of a private conveyance is the agent of
the person in such conveyance, so that his negligence, con-
tributing to the injury complained of by such person, . . .
will defeat the action." *Prideaux v. Mineral Point,* 43 Wis.
513, 526–531.    Such ruling has been steadily adhered to dur-
ing these many intervening years. *Otis v. Janesville,* 47 Wis.
422, 2 N. W. 783; *Ritger v. Milwaukee,* 99 Wis. 190, 197,
74 N. W. 815; *Olson v. Luck,* 103 Wis. 33, 35, 79 N. W.
29.    If the rule contended for is to prevail, it is for the legis-
lature to say so.

6.    Five exceptions have been taken to the portion of the
charge in submitting the seventh question to the jury in re-
spect to contributory negligence.    Such portions of the charge
were in line with those already considered.    On that question
the jury were told that the burden of proof was on the de-
fendant.    Counsel contend that, under the charge of the court
and the wording of that question, it is impossible to tell
whether twelve jurymen concurred in finding the plaintiff or
the driver guilty of contributory negligence.    See *Lowe v.
Ring, ante,* p. 370, 101 N. W. 698.    But the view we have
taken of the case makes it unnecessary to consider that ques-
tion, or any of the exceptions taken to such portions of the
charge, since the jury found that the defendant's negligence
was not the proximate cause of the plaintiff's injury.

Other exceptions are without sufficient merit to call for
consideration.    We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is af-
firmed.