### WILLIAM O. KANE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    April 2, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.*

A boy, thirteen years of age, who, while sitting on the side of a pung loaded with boxes by permission of the driver, was injured from being struck by an electric car coming from the opposite direction, cannot recover from the railroad company for his injuries, if the accident was caused by the negligence of the driver in driving so near the tracks that the plaintiff's knees necessarily struck the car and would have done so even if the car had stopped before the pung reached it.

TORT, by a boy thirteen years of age when injured, for personal injuries received on December 15, 1902, from being struck by a car of the defendant while he was sitting on the side of a pung loaded with grease boxes by permission of the driver of the pung. Writ in the Municipal Court of the Roxbury District dated August 10, 1903.

On appeal to the Superior Court the case was tried before *Stevens*, J., and the jury returned a verdict for the plaintiff which was set aside by the judge. Later there was a new trial before *Wait*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*M. L. Jennings*, for the plaintiff.

*R. A. Sears & J. E. Hannigan*, for the defendant.

SHELDON, J.   There is no occasion to go over the evidence in this case in detail.   It could lead to no other conclusion than that the driver of the pung in which the plaintiff was sitting drove so near to the defendant's tracks as to cause the plaintiff's knees to strike against the car which was passing in the opposite direction.   Under the circumstances of this case the plaintiff cannot recover if either his own negligence or that of the driver contributed to the happening of the accident.   *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77, 78.   *Yarnold* v. *Bowers*, 186 Mass. 396, 398, and cases there cited.   Even if there had been evidence of any negligence in the management of the defendant's car, yet it could not be said that such negligence was the cause of the accident.   The plaintiff himself testified that the trouble was that the driver of the pung drove too near the tracks, and that even if the car had stopped the driver of the pung would have driven him (the plaintiff) against the car ; and there was no other testimony in the case inconsistent with this.   The circumstances are not like those disclosed in *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8, 12, 13.   The verdict for the defendant was rightly ordered.

*Exceptions overruled.*