W. F. CRAM, Administrator, Appellant, v. CITY OF DES MOINES, Appellee.

**TRIAL:** Instructions—Waiver by Request of Instruction. A party cannot object to an instruction that submits an issue not raised by the evidence, where he himself has requested an instruction upon that issue.

**NEGLIGENCE:** Imputed Negligence—Sufficiency of Evidence—Non-Joint Venture. Evidence reviewed, and held sufficient to go to the jury upon the question as to whether the passenger and the driver of an automobile were engaged in such a joint enterprise that the negligence of the driver could be imputed to the passenger.

**NEGLIGENCE:** Imputed Negligence—Directions by Passenger as to Place to Be Driven. The negligence of the driver of a vehicle is not imputable to the passenger merely because the passenger suggested a ride, and directed as to the place where the car was to be driven.

**TRIAL:** Instructions—Error—Determination of Issues—Logical Order. There is no prejudicial error in telling the jury to first determine whether the driver of an automobile was negligent, even if it be the logical way to have the jury first determine whether the negligence of the driver was ·imputable to the passenger.

**NEGLIGENCE:** Contributary Negligence—Acts Constituting—Sufficiency of Evidence. Evidence reviewed, and held that whether the passenger in an automobile, where the driver was negligent, was guilty of contributory negligence in not requiring the driver to exercise proper care, was a question for the jury, and that the same did not constitute negligence as a matter of law.

**TRIAL:** Instructions—Prejudicial Error. That the jury might have found that decedent was guilty of contributory negligence did not cure the error in having charged the jury that it could find that decedent had joined in a joint enterprise, or in having charged that, if he directed the driver where he wished to travel, the driver's negligence was imputable to him.

**TRIAL:** Special Interrogatories—Ultimate Facts. Where, if the driver was not negligent, there would be no negligence to impute to the decedent, who was a passenger in the automobile, an interrogatory as to whether the driver was negligent in approaching the bridge was properly submitted.

**TRIAL:** Special Interrogatories—Discretion of Court in Submitting Ultimately Determinative Interrogatories. Rule recognized that the action of a trial court in submitting an interrogatory that is not ultimately determinative will not be interfered with on appeal, although the trial court would be sustained for refusing the same interrogatory on that ground.

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

### MAY 6, 1919.

A car driven by one Brownell was alleged to have been diverted from its course and thrown into the railing of a bridge because of the condition in which the defendant is alleged to have kept a roadway. The decedent, Teague, was in this car, and was so injured as to come to his death shortly thereafter. There was verdict and judgment for the defendant. · On this appeal, the complaint is limited to

the giving of one instruction, and the submission of certain interrogatories.—*Reversed and remanded.*

*Dunshee & Haines,* for appellant.

*H. W. Byers, Eskil C. Carlson,* and *E. M. Steer,* for appellee.

SALINGER, J.—I. The jury was told that they might impute the negligence of the driver, Brownell, to the decedent, if they found that Brownell was driving the car "at the request of said decedent, for the use and benefit of the said decedent." Again, "or if you find that decedent controlled or had the right to control and direct the driving of said car, whether he exercised the right or not." Appellant urges there was no evidence whereon to base this much of the charge. We hold with appellee that no such complaint may be made now, because a party is precluded from objecting to an instruction upon the ground that it submits an issue not raised by the evidence where he has, himself, requested an instruction upon that issue. We think Instruction 1, offered, invokes this rule.

1. TRIAL: instructions: waiver by request of instruction.

II. Eliminating, as we have, some objections involving that there was no evidence to support the charge, we have next for consideration a direction as to what the jury should do if it found that the driver and decedent "were using said car in a common enterprise, to wit, a mutual pleasure ride at the request or upon the suggestion of said decedent." Was there any evidence of a joint venture, and that the car was used in a common enterprise? It appears that Brownell arrived in Des Moines about midnight of the night preceding the accident; that he arose about seven the next morning, and about nine, began entertaining prospective purchasers of Haynes cars. He was the service man for the company that manufactured that car. The state agent of that com-

2. NEGLIGENCE: imputed negligence: sufficiency of evidence: non-joint venture.

pany had engagements with some out-of-town dealers, to demonstrate this car to certain prospective customers, but was taken sick that morning, and requested Brownell to demonstrate the car. In the afternoon, he drove a dealer, a prospect, and another man to a ball game, in the demonstration car. He continued with these men until after supper, and continued entertaining two of the men and driving them around all evening, and up to the time at which he met decedent. If there be any evidence of a joint enterprise in which decedent was engaged with Brownell, it must necessarily be because of what happened after the time when Brownell and decedent met. This occurred about eleven at night. Brownell chanced to meet decedent and a young lady, whose escort to the theater he had been, and at the request of the young lady, took her and decedent into his car and drove them to her home. There, decedent asked Brownell to wait for him, and said he would ride back to the city with him. Brownell waited some five minutes. Decedent and some of the dealers, who had been in the car all the time, returned to the city. Then one dealer was taken to where he was staying. Brownell and decedent then returned to the city, and still another person in the car got out at a drug store. Thereafter, the car was left in front of the hotel at which decedent was staying, and on his invitation, Brownell went to decedent's room with him, arriving there about one o'clock. The two smoked, and drank about a pint of beer apiece. This was followed by a lunch. After this lunch, decedent suggested that they take a little ride before they retired, and Brownell consented. He then inquired of decedent where they should drive; whereupon, decedent suggested that they go out Grand Avenue and back, and this they proceeded to do.

It is upon this evidence that the support of submitting joint enterprise or joint venture must rest. Is it any evidence of such venture or enterprise?

2-a

Speaking to *Payne v. C., R. I. & P. R. Co.*, 39 Iowa 523, and to the analysis of it made in *Nesbit v. Town of Garner*, 75 Iowa 314, it was said in *McBride v. Des Moines City R. Co.*, 134 Iowa 398, at 408, that the ground of the decision in *Payne's* case "is very briefly and inadequately stated, and that case has been cited in other courts [citing] as supporting the general rule of imputed negligence announced in *Thorogood v. Bryan*, 8 C. B. 114, which has been expressly repudiated in practically all the courts of last resort in this country in which the question has been considered" (citing *Little v. Hackett*, 116 U. S. 366, [6 Sup. Ct. Rep. 391]; *Union Pac. R. Co. v. Lapsley*, 51 Fed. 174; *Kowalski v. Chicago G. W. R. Co.*, 84 Fed. 586; and *Robinson v. New York C. & H. R. Co.*, 66 N. Y. 11). To the repudiations of the *Thorogood* case may be added *New York, L. E. & W. R. Co. v. Steinbrenner*, 47 N. J. L. 161; *Bennett v. New Jersey R. & T. Co.*, 36 N. J. L. 225; *Miller v. Louisville, N. A. & C. R. Co.*, 128 Ind. 97 (27 N. E. 339); *Nesbit v. Town of Garner*, 75 Iowa 314, 318, 319; *Wabash, St. L. & P. R. Co. v. Shacklet*, 105 Ill. 364; *Chapman v. New Haven R. Co.*, 19 N. Y. 341; *Danville, L. & N. T. R. Co. v. Stewart*, 2 Metc. (Ky.) 119; *Louisville, C. & L. R. Co. v. Case's Admr.*, 9 Bush. (Ky.) 728; *Cuddy v. Horn*, 46 Mich. 596 (10 N. W. 32); and *Tompkins v. Clay Street R. Co.*, 66 Cal. 163 (4 Pac. 1165). We pointed out, in *Nesbit v. Town*, 75 Iowa 314, 318, that the *Thorogood* case has been criticised and discredited in the courts of England.

As we define it in the *McBride* case and the *Nesbit* case, the *Payne* case and others like it merely announce "the general rule that, where several persons are engaged in a common enterprise, in the carrying on of which each is participating, the negligence of one of them may be imputed to the others." And it is justifiable to add that the *Payne* case exhibits an indubitable case of joint enterprise. As much

is true of *Yahn v. City of Ottumwa*, 60 Iowa 429. We are unable to see how *Stafford v. City of Oskaloosa*, 57 Iowa 748, has any substantial bearing on the controversy in hearing. And this is so of *Boyden v. Fitchburg R. Co.*, 72 Vt. 89 (47 Atl. 409). Though *Koplitz v. City of St. Paul*, 86 Minn. 373 (90 N. W. 794), is cited by appellee, it certainly does not aid it. The plaintiff, a young lady, was one of a picnic party, consisting of young men and ladies, the latter furnishing the lunch and the former the transportation, an omnibus drawn by four horses, with the hiring or driving of which the lady had nothing to do. The conveyance was overturned, and the plaintiff was injured by the negligence of the defendant city and the contributory negligence of one of the young men, who was driving at the time. In holding that his negligence could not be imputed to the defendant, like unto *Payne's* case, there is a declaration of the general rule that, if two or more persons unite in the joint prosecution of a common purpose, under such circumstances that each has authority, expressed or implied, to act for all in respect to the conduct or the means of agency employed to execute such common purpose, the negligence of any one of them in the management thereof will be imputed to all of the others. To formulate a rule is one thing; to hold it applicable, quite another.

In *Nesbit v. Town of Garner*, 75 Iowa 314, plaintiff resided in the country, and, on the day of the injury, was invited by one of his neighbors to accompany him to the town. They were accompanied by one Sheridan, who had been in the employ of the neighbor, but his term of service had expired the day before. The vehicle in which the party rode and the team by which it was drawn belonged to the neighbor. Some time after arriving in town, plaintiff and Sheridan went to a shop for the purpose of procuring some shovels belonging to a brother of the owner of the team and wagon, which he had requested them to carry out to the

country for him; and it was when they were driving from the shop to another part of the town, Sheridan driving, that the accident occurred. It was due to some fault of the city in proper maintenance of the street. Plaintiff testified he neither gave any direction as to the manner of driving nor assumed any control over the team or its movements. It was contended that what occurred after plaintiff and Sheridan left the shop constituted a joint venture, and brought the case within the rule of the *Payne* case; and we disapproved an instruction, in effect that, if Sheridan's negligence contributed to the injury, plaintiff could not recover.

Mere friendly companionship in a walk will not constitute a common enterprise. *Barnes v. Town of Marcus,* 96 Iowa 675; *Bailey v. City of Centerville,* 115 Iowa 271.

"The mere fact that they both have engaged in the drive because of the mutual pleasure to be so derived does not materially alter the situation." *Withey v. Fowler,* 164 Iowa 377.

*Carpenter v. Campbell Auto Co.,* 159 Iowa 52, affirms every rule asserted by appellant, but rightly finds that the *Carpenter* case is not controlled by these rules. In that case, one Means was the owner of a car which he had had only a few days, and had never tried. He was interested in knowing whether or not it worked properly; in whether there was anything wrong with it. While on the street, trying to adjust the machinery, he met Black. Black told him the car was not working right; that he would show him it was not; and suggested that he get in the car. The owner went with Black for the purpose of ascertaining what, if any, defect there was in the car, to see how it worked and performed. Black had no interest in knowing whether the machine worked right or wrong. Means had given Black no right to the possession of the machine, no

right to use it or try it. As soon as he saw Black on the street, he asked Black what was the matter with the machine, and then, with his consent, and for the first time, Black ran the machine, for the sole purpose of enabling Means to know how the machine was working, and how his own property performed. Means alone was the one interested in the experimental trial, and consented to Black's making such trial. The express holding is:

"Black was, therefore, in and about Means' business; or at least they were engaged in a common enterprise in ascertaining what was the cause of the trouble with the car."

Properly enough, it was held to be at least a question of fact whether negligence on part of Black in driving the car could be fastened upon Means. The appellee relies wholly upon the following excerpt from the *Carpenter* case:

"In every case in which it is held that the negligence of the driver cannot be imputed to the party riding with him, an exception is always made to the effect that, where they are engaged in a common enterprise, or where the driver is in an enterprise of any kind for the use and benefit of the party charged in his employ, or under his control, or where the instrumentality used is under the control and direction and owned by the party charged, and where he has a right to control and direct it, whether he exercises that right or not, he is held for the negligence of the driver. The question here was clearly for the jury, and not for the court, under the record made in this cause, and the court rightly overruled defendant's motion for an instructed verdict."

As applied to the record in the *Carpenter* case, no one will quarrel with this pronouncement. It settles that negligence will be imputed where there is an engagement in a common enterprise, or where the driver is the agent of the one in the car with him, and rightly settles that these

premises were present in the *Carpenter* case. But nothing decided by the *Carpenter* case furnishes any ruling for the case at bar. In *McBride v. Des Moines City R. Co.*, 134 Iowa 398, 407 *et seq.*, the ground for holding that there was no joint enterprise is that the fireman riding on the hose truck was not a volunteer, and had no part in the selection of the driver. Of course, that is not intended to be a ruling that there *is* a joint venture when the passenger is a volunteer and does have a part in selecting the driver. It will presently appear that joint venture or enterprise has often been denied where the passenger was a volunteer and chose his driver.

We conclude that the evidence, which comes to no more than we have set forth, is no warrant for having permitted the jury to determine whether these parties had engaged in a joint enterprise.

IV. The jury was charged that the negligence of Brownell might be imputed to decedent if the jury found from the evidence that "decedent did direct as to the place of the driving of said car." This is made a distinct basis for imputing such negligence

**3. NEGLIGENCE:** imputed negligence: directions by passenger as to place to be driven.

and for defeating recovery, and is stated without any qualification whatsoever. This told the jury that the naked fact that decedent had directed Brownell as to the place of driving the car would make the negligence of Brownell a bar to recovery for injury to the decedent.

True, in *Larkin v. Burlington, C. R. & N. R. Co.*, 85 Iowa 492, the passenger did not direct where the driver should travel, and left it to his determination. But that negligence is not imputable because no directions are given, of course, does not tend to establish that negligence is imputable merely because such directions are given.

The relation is not created because the passenger left

the route to be traveled to the determination of the driver, and gave him no directions as to the course to take. *Withey v. Fowler,* 164 Iowa 377, at 394, analyzing *Larkin v. Burlington, C. R. & N. R. Co.,* 85 Iowa 492. The same result is reached in *Little v. Hackett,* 116 U. S. 366 (6 Sup. Ct. Rep. 391), where the hirer did give directions as to the place he desired to be conveyed, and, reaching there, and finding he had further time, directed the driver to take him for a pleasure trip through a park. It is there said that those in a hack do not become responsible for the negligence of the driver, if they exercise no control over him beyond indicating the route they wish to travel, or the places they wish to go. To like effect is *Nesbit's* case, 75 Iowa 314, at 319; *Withey v. Fowler,* 164 Iowa 377, 393.

It is quite self-evident that the negligence of the driver is not imputable to the passenger merely because the passenger gives the direction as to the course over which the conveyance is to be driven. If it were, the passenger who engages the driver of a taxi and tells him to take him to a stated destination over a stated route, can recover nothing if the joint result of negligence on part of the driver and of a third person injures the passenger; and because of such direction, the passenger would be liable if his driver, through negligence, injured a third person. This cannot be so.

V. Appellee contends that, if the question of joint enterprise be eliminated, yet the relations of Brownell and decedent were such as that the negligence of Brownell is imputable to decedent. We hold to the opinion that, even as negligence will not be imputed because of joint enterprise, where the driver and owner invites another to ride as his guest, or because the one injured comes to ride because of a request to be given a pleasure ride, or because of the hiring of a conveyance, none of these things will create the relation necessary for imputing negligence. We

held in *Nesbit v. Town*, 75 Iowa 314, 318, 319, that these things did not, as matter of law, create such relation. We have approved *Little v. Hackett*, 116 U. S. 366 (6 Sup. Ct. Rep. 391), in its ruling that the relation is created only where the negligence or fault is that "of some person towards whom he sustains the relation of superior or master;" and that hiring a conveyance with its driver does not create that relation between the parties; and that the driver so hired remains the servant of the owner of the conveyance who appointed him to drive it for hire. That, in effect, is the holding of *New York, L. E. & W. R. Co. v. Steinbrenner*, 47 N. J. L. 161. In that case, in *Bennett v. New Jersey R. & T. Co.*, 36 N. J. L. 225, and in many well-considered decisions on part of courts of highest standing, the test has been declared to be whether, if the driver's negligence injured a third person, the passenger could be made responsible to such person. Certainly, the naked fact that one accepts an invitation to take a pleasure ride as a guest, or that one employs the driver of a taxi for pleasure or for business purposes, will not work that the passenger can be made to respond for injury to third persons, caused by the negligence of the driver. There must be more than the relation of guest and host. *Withey v. Fowler*, 164 Iowa 377. There must be what amounts to the relation of principal and agent. *Little v. Hackett*, 116 U. S. 366 (6 Sup. Ct. Rep. 391, at 397); *Wymore v. Mahaska County*, 78 Iowa 396; *Chapman v. New Haven R. Co.*. 19 N. Y. 341. That is fairly one pronouncement made in *Carpenter's* case, 159 Iowa 52, at 61.

5-a

In many of the cases wherein we and courts of last resort in other jurisdictions have held that there was no imputable negligence, it happened that the invitation to ride was given by the driver. See *Nesbit v. Town*, 75 Iowa 314, at 319; *Withey v. Fowler*, 164 Iowa 377, at 393; *Town of*

*Knightstown v. Musgrove,* 116 Ind. 121 (18 N. E. 452), cited by appellee; *Dyer v. Erie R. Co.,* 71 N. Y. 228. But the same rule has been announced, time without number, where the driver or owner did not do the inviting, and where the injured person initiated riding in a conveyance by engaging a driver and his vehicle to carry him as a passenger, and where it may not be said that the case comes within the rule governing where the driver or owner invites another to take a ride as his guest. See *New York, L. E. & W. R. Co. v. Steinbrenner,* 47 N. J. L. 161; *State v. Boston & M. R. Co.,* 80 Me. 430 (15 Atl. 36) ; *Little v. Hackett,* 116 U. S. 366 (6 Sup. Ct. Rep. 391).

### 5-b

*Whittaker v. City of Helena,* 14 Mont. 124, and *Predeaux v. City of Mineral Point,* 43 Wis. 513, cited by the *Whittaker* case, do sustain the position of the appellee. But they are not abreast of the time, and contrary to the great weight of authority. Both rest on the basis of the discredited *Thorogood* case. The sum and substance of *Granger v. Farrant,* 179 Mich. 19 (146 N. W. 218, 224), is found in the naked statement that, if the jury should find the driver was guilty of contributory negligence, "such negligence might, under our decisions, be imputed to the plaintiff."

### 5-c

Whatsoever is said in *Stafford v. City of Oskaloosa,* 57 Iowa 748, tending to support the claim of appellee, is said in *Nesbit's* case, 75 Iowa 314, to be due to the law of the case, as arbitrarily fixed on the application of the rules of appellate review. That is to say, the case does not turn upon when negligence is imputable, but on the fact that, in that case, it was conceded that the negligence was imputable, or that the record was in such position as that such questions should not be considered. The same may be said for *Slater v. Burlington, C. R. & N. R. Co.,* 71 Iowa 209, and *Olson v. Town of Luck,* 103 Wis. 33 (79 N. W. 29). In

effect, the last, too, involves nothing but a question of practice.

### 5-d

The point that the charge proceeded in illogical order needs no serious consideration. If it be the logical way to have the jury determine first whether negligence is imputable, we see no prejudicial error in having told the jury to determine first whether the driver was negligent.

4. TRIAL: instructions: error: determination of issues: logical order.

VI. Appellee urges that "appellant is clearly guilty of contributory negligence, and not entitled to recover in any event;" that "one who, while riding with another who is negligent in such driving, fails to require the driver to exercise proper care and prudence or take other steps for his own protection, is guilty of negligence." We may concede, for the sake of argument, that the jury might have found that the conduct of decedent in the respects just stated constituted contributory negligence. But no case is cited, and we believe none may be, holding that such conduct establishes contributory negligence as matter of law. On slightest reflection, one can think of many things that would justify a jury in finding there was no contributory negligence, even though the passenger did not require that the driver exercise proper care, and took no steps for his own protection. The passenger might feel that the driver would pay no attention to remonstrances against his conduct; or the passenger might be utterly unable to do anything that would save him from the driver's negligence; or the fact that such negligence was endangering him might become apparent so suddenly and under such conditions as that the passenger was unable to formulate remonstrances, or to think of and obtain safety. As said, the most that appears is that the jury might have found decedent contributed to his own injury by his own negligence.

5. NEGLIGENCE: contributory negligence: acts constituting sufficiency of evidence.

But the fact that that was permissible is, of
course, no cure for erroneously having told
the jury that it might find these parties had
engaged in a joint enterprise, or charging it
erroneously that the negligence of Brownell was imputable
to decedent merely because the latter had given directions
as to the place where he desired to travel.

6. TRIAL: in-
structions:
prejudicial
error.

Of course, one to whom the negligence of the driver is
not imputable may be guilty of such conduct as that re-
covery should be denied for contributory negligence estab-
lished as matter of law.    That is the real holding of *City
of Vincennes v. Thuis,* 28 Ind. App. 523 (63 N. E. 315, at
317) ; *Miller v. Louisville, N. A. & C. R. Co.,* 128 Ind. 97
(27 N. E. 339) ; *Hoag v. New York C. & H. R. R. Co.,* 111
N. Y. 199 (18 N. E. 648) ; *Brannen v. Kokomo, G. & J. G. R.
Co.,* 115 Ind. 115 (17 N. E. 202) ; *Donnelly v. Brooklyn City
R. Co.,* 109 N. Y. 16 (15 N. E. 733) ; *Kane v. Boston Elev. R.
Co.,* 192 Mass. 386 (78 N. E. 485) ; *Bush v. Union Pac. R.
Co.,* 62 Kan. 709 (64 Pac. 624) ; *Quarman v. Burnett,* 6 Mees
& W. *499; *Jones v. Corporation of Liverpool,* 14 Q. B. Div.
890.

*State v. Boston & M. R. Co.,* 80 Me. 430 (15 Atl. 36),
cited by appellee, seems to us, in essence, to run counter to
decisions also relied on by appellee, to the effect that inaction
may, in effect, impute negligence, by means of ruling that
such inaction constituted contributory negligence as mat-
ter of law.    So far as the direct point is concerned, the only
holding of the case is that the doctrine which imputes to a
passenger the negligence of a driver, over whom the pas-
senger exercises no influence or control, is not accepted in
Maine.

VII. We agree with appellee that, where the evidence
shows that plaintiff is not entitled to recover in any event,
and that a new trial would not affect the result, that any
error in the giving of the instructions or other error is er-

ror without prejudice, and that reversal will not ensue. But we fail to see the applicability of the rule. We are not favored with any suggestion how we may, in reason, hold, as matter of law, that plaintiff must fail, should a new trial be awarded. We are not prepared to say that if, on remand, a jury should find that the driver was not negligent, or that, if he was, the plaintiff did not contribute to the negligence, we should hold, on appeal, that such findings cannot be sustained on the evidence. For that matter, we cannot know in advance that plaintiff will not add to the strength of his testimony. The rule invoked by appellee is applied where the appellate court can find that some essential to recovery is nonexistent. A familiar illustration is where there is judgment against an officer for having levied upon property belonging to another than the execution defendant, and it appears that no notice of ownership was served. As said, we cannot affirm on the ground that reversal and remand will be idle.

VIII. Over objection, the court submitted special interrogatories inquiring whether the driver, at the time in question, was approaching the bridge in a reasonably care-

7. TRIAL: special interrogatories: ultimate facts.

ful and prudent manner. Under the decisions, it was proper to submit such interrogatories, because an answer to them might be determinative. Had the jury found that the driver was guilty of no negligence, the representatives of the decedent were entitled to recover. For, if the driver was not negligent, there was no negligence to impute to the decedent.

Other interrogatories, however, are not thus ultimate and determinative. Two of them went to the question whether, on approaching the bridge, the driver was going at

an average speed of more than 20 miles an hour. Whether answered yes or no, these would not be decisive. So of the interrogatories inquiring who requested the ride, and who indicated or directed the route over which the automobile was to be driven. The writer is of opinion that the giving of these interrogatories should be sustained, on the ground that, though not determinative and ultimate, the statute gives the right to have such submitted. But it has often been held, and the majority adheres to the rule, that a discretion is involved, and that, though the trial court might be sustained for refusing a special interrogatory on the ground that it is not ultimately determinative, it will not be interfered with if it submits such an interrogatory. With this rule, too, the writer is not in accord. But enough has been said to work that there may be no reversal because said interrogatories were submitted. It should be said that none of them were vulnerable to the objection that they dealt with immaterial and irrelevant matter.

8. TRIAL: special interrogatories: discretion of court in submitting ultimately determinative interrogatories.

It goes without saying that, though there was no error in taking the answers made, these answers are of no avail to cure an instruction giving an improper effect to the facts found by such answers.

For the errors in instructing that have been pointed out, the cause must be, and is,—*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.