LANDRY, Respondent, vs. GREAT NORTHERN RAILWAY COM-
PANY and another, Appellants.

*January 28—February 18, 1913.*

*Railroads: Negligence: Injury to switchman: Obstruction on private
sidetrack: Notice: Warning: Who are liable: Joinder of defend-
ants: Duty to inspect track: Contributory negligence: Riding
on foot-board of engine: Imputed negligence: Master and serv-
ant: Joint negligence of master and another.*

1. If one upon whose premises a sidetrack is maintained for his
   own convenience places an obstruction thereon and fails to
   notify the railway company thereof, he is liable to an employee
   of the railway company who, while performing his duty and
   exercising due care, is injured by coming in contact with such
   obstruction.

2. In such a case, if the railway company knew or in the exercise
   of ordinary care should have known of such obstruction prior
   to the injury and negligently failed to warn its employee of
   the danger, it also is liable.

3. The fact that a situation dangerous to its employees is created
   by the negligent act of another does not affect the duty of the
   railway company to warn its servant against the same when
   known to it but not to him. If injury results, the proximate
   cause is the combined negligence of such other and the master.

4. In an action for personal injuries to a switchman, caused by his
   coming in contact with an obstruction on a sidetrack, an alle-
   gation in the complaint that he was riding on the foot-board
   of the engine does not necessarily show that he was acting as
   a lookout or was guilty of contributory negligence, as against
   allegations that he was exercising due care and was ignorant
   of the danger and that the engine crew were negligent in not
   discovering the obstruction and stopping the engine.

5. While a railway company is bound to exercise ordinary care in
   providing its employees with reasonably safe appliances, equip-
   ment, and roadbed, no duty rests upon it to inspect a switch
   track before proceeding thereon with an engine, in the absence
   of knowledge of any defect therein or obstruction thereon.

6. It cannot be said as a matter of law that it is negligence for a
   switchman to ride on the front foot-board of an engine en-
   gaged in switching, especially upon demurrer to a complaint
   which alleges that it is a customary place to ride.

7. The doctrine that negligence of the driver of a private convey-
   ance is imputable to persons riding with him has no applica-

tion to members of a switching crew engaged in a common employment, so as to make negligence of the engineer imputable to a switchman riding on the foot-board of the engine.

8. The owner of premises upon which a sidetrack is built, who negligently obstructs such sidetrack, knowing that it will be dangerous to switchmen in the performance of their duties, violates a duty which he owes directly to such switchmen and not to the railway company alone.

9. A servant of one master who is required to do work upon the premises of another at his request may, in the absence of contributory negligence, maintain an action against the latter for negligence resulting in injury to him; and if both the master and such other person have been negligent, he may join both as defendants.

APPEALS from orders of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action for personal injuries. The defendant the *Great Northern Railway Company* demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against it. Plaintiff, who was in the employ of the railway company as a switchman, alleged he was injured January 19, 1912, by coming in contact with some planks placed from one loading platform to another across a switch track in the yard of the defendant *Webster Manufacturing Company* while he was standing upon the foot-board of an engine in the performance of his duty and without any negligence on his part. The material allegations of the complaint charging negligence as to the defendant *Great Northern Railway Company* are:

"That the defendant *Great Northern Railway Company* was careless and negligent in ordering, sending and directing plaintiff to work and go upon said switching track with said locomotive engine while said obstruction and platform was maintained and extended across said track and without first ascertaining the existence of said obstruction upon said track and causing the same to be removed, and further careless and negligent in not discovering said obstruction upon said track and removing the same prior to the time plaintiff was injured, and in failing and neglecting to notify and warn

plaintiff of the existence or probable existence of said or similar obstructions upon said switching track; and plaintiff further alleges that defendant *Great Northern Railway Company* knew, or in the exercise of ordinary care could have known, of the condition of said switching track and of the obstruction thereon and planks across the same prior to the time plaintiff was injured, and were further careless and negligent in causing and allowing said obstructions to remain thereon and in failing to furnish and provide plaintiff with a reasonably safe place in which to work, and that said place of work in, around and about said switching place at and prior to the time plaintiff was injured, to the knowledge and within reasonable means of knowledge of the defendant *Great Northern Railway Company,* was unsafe and highly dangerous for the doing and performing of the work which plaintiff was required to and was engaged in doing.    Plaintiff further alleges upon information and belief that the engine crew of the defendant *Great Northern Railway Company* in charge of and operating the engine upon which he was standing and working at the time he was injured were careless and negligent in running and propelling said engine upon said switching track and against said obstruction and planks, and that had said engine crew exercised ordinary care in the premises it could, would and should have discovered said obstruction and stopped said engine before running against the same."

The *Webster Manufacturing Company* also demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action against it.    The complaint set forth that the defendant *Webster Manufacturing Company* was engaged in the manufacture of chairs and maintained upon its premises a sidetrack connected with the main line of the *Great Northern Railway Company* over which the cars of the latter were switched in and out in the shipment of its chairs to various points; that such sidetrack was maintained solely for the use of the *Webster Manufacturing Company.* It then alleged:

"That it was the duty of the defendant *Webster Manufacturing Company* to have kept and maintained said switching

track upon which the cars for and freight from its plant were to be stored and moved, free and clear of obstructions and in a reasonably safe condition for the employees of the defendant *Great Northern Railway Company* to use and work around, about and upon with locomotive engines and cars in the doing of the work and the handling of the cars for said defendant *Webster Manufacturing Company,* and to notify said *Great Northern Railway Company* and its employees of any obstructions thereon or thereabouts. That the defendant *Webster Manufacturing Company* negligently failed to keep said switching track free and clear of obstructions or reasonably safe for the employees of the defendant *Great Northern Railway Company* to work upon, around and about, but on the contrary, the defendant *Webster Manufacturing Company,* sometime prior to the time plaintiff was injured, carelessly and negligently placed, set and maintained said obstruction and planks across the said railroad track with the ends of said planks resting upon the platforms of said *Webster Manufacturing Company's* plant, and in such condition that to the knowledge and within reasonable means of knowledge of said defendant *Webster Manufacturing Company* said obstruction and planks were liable to and would cause injuries to the plaintiff or other employees of the *Great Northern Railway Company* who were or might be using said switching track in running and moving locomotive engines or cars thereon or for the purpose of handling or moving freight for said *Webster Manufacturing Company;* that said defendant *Webster Manufacturing Company* well knew that the employees of the defendant *Great Northern Railway Company* would necessarily use said switching track and pass or contact with said obstruction in doing the work of handling or moving engines or cars on said track. That said defendant *Webster Manufacturing Company* well knew, and in the exercise of ordinary care would have known at and subsequent to the time of the placing of said obstruction and planks across said railroad track, that plaintiff or other employees of the defendant *Great Northern Railway Company* were liable to be using said tracks in running said locomotive engines or cars thereon at any time during the day or night, and that said defendant *Webster Manufacturing Company* was careless and negligent in failing to keep said switching

track free and clear of obstructions and reasonably safe for defendant *Great Northern Railway Company's* employees to work upon, and in placing, allowing and maintaining said planks and obstruction across said switching track, and in failing and neglecting to cause said planks to be removed therefrom prior to the time plaintiff was injured, and in instructing, ordering and directing the defendant *Great Northern Railway Company* to run into and upon said track without informing it or its employees of the obstruction or platform across said track, and in failing and neglecting to place a light or other means of warning of the existence of said obstruction in the vicinity thereof where the same could be seen by the said railway company's employees who might work around or about or use said track."

The complaint also alleged that plaintiff

"was at all times in the exercise of ordinary care and caution to avoid injury, and he did not in the least cause or contribute to any of his said injuries; that at and prior to the time he was injured he was entirely unfamiliar with the said switching track, plant and yard and that he had never worked or been in or upon the same prior to said time; that said planks and platform so extending across said railroad track were, at said time and place, white and covered with snow and frost, as was the roadbed and the surrounding locality, and so that plaintiff was unable to and could not distinguish the said obstruction from the snow-covered condition of the ground or roadbed at or about said point."

Each defendant separately appealed from an order overruling its demurrer.

*J. A. Murphy,* for the appellant railway company, cited *Canadian N. R. Co. v. Walker,* 172 Fed. 346, 24 L. R. A. N. s. 1020; *Connors v. E., C. & N. R. Co.* 92 Hun, 339, 36 N. Y. Supp. 926; *Hubbard v. Central of Ga. R. Co.* 131 Ga. 658, 63 S. E. 19, 19 L. R. A. N. s. 738; *Sheridan v. Bigelow,* 93 Wis. 426, 67 N. W. 732; *Reinke v. Bentley,* 90 Wis. 457, 63 N. W. 1055.

For the appellant *Webster Manufacturing Company* the cause was submitted on the brief of *H. V. Gard.*

For the respondent the cause was submitted on the brief of *W. P. Crawford.* He cited Buswell, Pers. Inj. § 66; *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191; *Barowski v. Schultz,* 112 Wis. 415, 88 N. W. 236; *Lehman v. Amsterdam C. Co.* 146 Wis. 213, 131 N. W. 362; *Cummings v. C. W. Noble Co.* 143 Wis. 175, 126 N. W. 664.

VINJE, J.   The argument of the defendant railway company, as we understand it, may be summarized as follows: The whole complaint shows conclusively, first, that it was the duty of the defendant *Webster Manufacturing Company* to keep the track clear; that it had sole dominion over the same, placed the obstruction thereon, and failed to notify the railway company of its being there; second, that plaintiff himself acted as lookout and that it was his duty to discover the obstruction, hence his failure to do so constituted greater negligence than that of the other members of the crew, thus barring recovery; and third, that, properly construed, the complaint taken as a whole charges only a failure of duty to inspect the track before switching thereon, and that no such duty devolved upon the defendant.   The argument occupies considerable space and is amplified and repeated in various forms, but the foregoing statement is deemed to include the real points relied upon.

It is true the complaint alleges that the *Webster Manufacturing Company* had control of the track; that it negligently placed the obstruction thereon, and negligently ordered the railway company to switch the cars out without notifying it of the obstruction.   So far the complaint aptly charges the *Webster Manufacturing Company* with negligence.   Then it proceeds to allege that the defendant railway company knew, or in the exercise of ordinary care could have known, of the condition of said switching track and of the obstruction thereon and planks across the same prior to the time plaintiff was injured, and that it negligently failed to notify and warn

plaintiff of the existence of the obstruction.  We construe this allegation to be sufficiently broad and specific to admit proof of, first, actual knowledge by the defendant railway company, before the injury, of the obstruction and failure to warn plaintiff thereof; and second, knowledge of such facts and circumstances as ought in the exercise of ordinary care to have enabled it to discover the same and warn plaintiff thereof before he was injured.  Proof of either would show a duty resting upon defendant railway company to warn plaintiff of the danger.  The fact that such danger was created by the negligent act of the defendant *Webster Manufacturing Company* would not affect the duty of the railway company to warn its employee against a danger incident to his employment known to it but not to him.  One person may be negligent in creating a danger; another, having knowledge thereof, may be negligent in failing to warn his servant who is ignorant of the same and whose safety in the discharge of his duties is affected thereby.  The negligence of the two may combine to constitute the proximate cause of the injury sustained by the servant as a result of such danger.  The allegations of a good cause of action against the one in no way destroy the allegations of negligence against the other.

The charge of negligence on the part of the engine crew in failing to discover the obstruction and stop the engine before coming in contact with the planks is claimed to be neutralized by the allegation that plaintiff stood on the front foot-board.  It is alleged that the crew in the exercise of ordinary care should have discovered the obstruction and stopped the engine before striking the planks and that the plaintiff was in the exercise of ordinary care and free from contributory negligence.  In view of such allegations in the complaint we cannot say that plaintiff acted as lookout from the mere fact that he stood on the front foot-board.  For aught we know, that may have merely been a convenient place for him to stand for the time being and it may still

have been the duty of the engineer or some one else to act as lookout. It is a matter of common knowledge that in working about switch yards the switchmen ride in various places upon the engine. Here plaintiff rode upon the front footboard, whether for the purpose of acting as lookout or for other purposes we know not. The evidence will disclose what the fact was. If he was not a lookout, then we cannot say as a matter of law that his negligence was greater than that of the members of the crew who did act as such, and that his negligence contributed in a greater degree to produce his injury than did that of the actual lookout. So the allegations of the complaint upon this branch of the case may be sustained by proof that must send the case to the jury under the provisions of sec. 1816, Stats.

If the complaint as to this defendant be construed as merely alleging a duty upon it to inspect switch tracks before switching thereon, and that by reason of such duty the defendant ought to have known of the obstruction upon the track, then confessedly it states no cause of action. No such duty to inspect a switch track before proceeding thereon with an engine devolves upon a railway company. It must exercise ordinary care in providing its employees with reasonably safe appliances, equipment, and roadbed. But such rule does not extend to the making of an inspection of a switch track before proceeding thereon with an engine in the ordinary course of the business, in the absence of any knowledge of any defect therein or obstruction thereon. As before indicated, however, we construe the complaint to charge both actual and constructive knowledge of the obstruction on the part of the railway company and a failure to warn plaintiff thereof. It also charges negligence on the part of the crew in failing to seasonably discover the planks and avoid the accident. The proof may sustain one or more or all of these allegations. Hence the demurrer as to the railway company was properly overruled.

The defendant the *Webster Manufacturing Company* contends that plaintiff cannot maintain this action, first, because he was himself guilty of contributory negligence, and second, because the railway company and the engineer or some member of the crew were guilty of contributory negligence imputable to the plaintiff.

The argument that plaintiff was guilty of contributory negligence barring a recovery is based upon the allegation that he was riding on the front foot-board and so was located in the most advantageous position for discovering the obstruction,—that he was in fact acting as lookout and was negligent in not seeing the planks in time to avoid injury. What was said upon this point in discussing the demurrer of the railway company applies equally here.

It is next urged that plaintiff was guilty of contributory negligence because he rode on the front foot-board, a place of obvious danger. The complaint alleges that this was a customary place to ride. Indeed the evidence will probably disclose the fact that foot-boards are put on switching engines for the express purpose of riding upon by switchmen in the discharge of their duties. At any rate we cannot, in the face of the allegations of the complaint, say as a matter of law that it is negligence for a switchman to ride on the front foot-board of an engine engaging in switching.

The second contention is that the complaint shows the railway company and the engineer or some member of the switching crew were guilty of negligence which contributed to the injury. That being so, such negligence is imputable to the plaintiff under the doctrine announced in *Prideaux v. Mineral Point,* 43 Wis. 513, and similar cases to the effect that the negligence of the driver of a private conveyance is imputable to the persons riding with him and defeats recovery. We must confess that we fail to see the application of this doctrine to the case at bar. Here was a switching crew engaged in a common employment, that of switching cars; they

were fellow-servants of one master engaged in the discharge of their several duties. The engine was not a *private* conveyance within the meaning of the rule in the *Prideaux Case,* nor was the plaintiff a passenger thereon. The engine was for the time being his place of work. He was there in the discharge of his duties as a servant of the railway company, not as a passenger of the engineer.

It is also suggested that the plaintiff can claim no duty from the *Webster Manufacturing Company* on the premises in question except through the railway company. This suggestion is without force. Under the facts alleged in the complaint the *Webster Manufacturing Company* owed a duty direct to the members of the switching crew of which the plaintiff was one. It knew an engine and switching crew had to come in and switch out cars, and it knew that the obstruction on the track was dangerous to the switchmen in so doing. It therefore violated a duty which it owed directly to the crew necessarily engaged in doing the work required to be done. A servant of one master who is required to do work upon the premises of another at his request may, in the absence of contributory negligence, maintain an action against the latter for negligence resulting in injury to him. And if both the master and the third person have been negligent they may be joined as defendants.

*By the Court.*—Orders affirmed.