Sommerfeld v. Chicago, M. & St. P. R. Co. 155 Wis. 102.

SOMMERFELD, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*October 31—November 18, 1913.*

*Negligence: Railroads: Switching of cars: Contributory negligence: Evidence: Assumption of risk where relation of master and servant did not exist: Instructions to jury: Imputed negligence: Appeal: Presumption against error: Prejudicial errors.*

1. Plaintiff was engaged in moving cars, with the aid of horses, upon a switch track. While he was standing at the front end of a car, with one foot over the rail, attempting to loosen a brake shoe, other cars were switched by defendant against the rear of that car and he was run over and injured. The evidence, showing among other things that the day was bright, that the cars were being switched up grade, and that a fellow-servant at the rear of the car uttered a warning to another standing near, which plaintiff might have heard, is *held* to sustain a finding by the jury of contributory negligence.

2. In an action against a railway company for injuries sustained by an employee of a brewing company while moving cars upon a switch track in the yards of the brewing company, it was proper to receive in evidence the agreement between the brewing company and the railway company under which the switching was being done; and in any event it could not have prejudiced plaintiff, who was found guilty of contributory negligence.

3. Where the relation of master and servant did not exist between the parties to an action for personal injuries, an instruction upon the subject of assumption of risk, if error, cannot be regarded as prejudicial error, where there was no evidence tending to show that plaintiff assumed the risk which caused his injury.

4. Where there is other evidence in the case to support a finding of contributory negligence, it will not be presumed to have been based upon a point, such as assumption of risk, which had no support in the evidence.

5. Where plaintiff was injured by defendant's negligence in backing cars without any warning against the one at which he was working, and the evidence on both sides was to the effect that on former occasions warning had always been given, while defendant's evidence was also to the effect that warning was given at the time in question, there could not have been an assumption of that risk.

Sommerfeld v. Chicago, M. & St. P. R. Co. 155 Wis. 102.

6. An instruction in such case to the effect that it was plaintiff's duty to exercise ordinary care to keep himself out of danger and to listen for signals that cars were approaching, was appropriate and substantially correct.

7. The doctrine of imputed negligence does not go to the extent of charging one employee with negligence because his fellow-servant was negligent.

8. Where the jury found plaintiff guilty of contributory negligence, but this court is unable to determine whether or not such finding was based upon the negligence of a fellow-servant, of which there was some evidence and which the court erroneously instructed the jury they might impute to the plaintiff, such error must be deemed prejudicial.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

On May 12, 1911, plaintiff was employed by the Schlitz Brewing Company, and in the performance of his duty was engaged in moving cars along one of the railroad tracks in the yards adjacent to said company's plant. Horses were used in moving the cars, the crew consisting of three men. On this occasion the horses could not start the car because the brake shoes were tight against the wheels. Plaintiff took a club which he used for the purpose and attempted to knock the brake shoes loose. While he was standing with one foot over the rail and one hand on the lower rung of the ladder of the car, the defendant railway company switched in other cars against the one upon which plaintiff was working, and he was run over and his right leg crushed so that amputation below the knee was necessary. This action was brought to recover damages for the injuries sustained. The complaint alleged negligence on the part of the defendant by reason of its failure to warn the plaintiff of the approach of the cars which were being switched in, by the ringing of the engine bell or the blowing of the whistle or some other signal. The complaint also alleged that the defendant company was the owner of the tracks in the yards of the Brewing Company upon which the cars were standing when the

accident occurred. The jury found that the defendant was negligent, and by its answer to the sixth question in the special verdict found the plaintiff guilty of contributory negligence, and in accordance with such finding judgment was entered in favor of the defendant dismissing the complaint, from which judgment plaintiff appeals.

The plaintiff filed separate exceptions to the following portions of the charge under the sixth question in the verdict:

1. "You may take into consideration also this instruction, that a person entering upon an employment in which he is engaged when injured, assumes all risk or danger of injury ordinarily incident to such service. That is, he is held to assume the ordinary risks of the employment upon which he enters so far as those risks are known to him or in so far as they could become known to a person of ordinary care; all such risks he assumes in the employment in which he is engaged."

2. "It was the duty of the plaintiff to exercise ordinary care to keep himself out of danger. It was his duty to listen for signals that cars were approaching. And if you believe from the evidence that he did not listen for signals that cars were approaching, and for that reason failed to hear what Nick Barth called out to Klubertanz, he was guilty of a want of ordinary care. And if you believe from all the credible evidence that he was guilty of a want of ordinary care, and that such want of ordinary care naturally and probably contributed to his injury, and that he, as a person of ordinary intelligence and prudence, ought to have seen under the attending circumstances that by failure to listen for signals he might receive injury of some kind to his person, you will answer the sixth question Yes. Otherwise you will answer the question No."

3. "You should also take into consideration all the evidence and surrounding facts and circumstances bearing upon the question as to whether the plaintiff's fellow-servants, those in his immediate car-moving crew, the other two men, or any of them, failed to exercise ordinary care or were neglectful of any duty which he or either of them owed to the

plaintiff at the time, for the plaintiff's safety, which proximately contributed to his injury. And if you so find, that they failed to exercise ordinary care with respect to his safety by giving notice or warning, then your answer to this question should be Yes. Because the plaintiff is chargeable with the neglect or failure to exercise ordinary care for his safety on the part of his fellow-servants; and their neglect, if you find there was any such neglect, or failure to exercise ordinary care on their part, which proximately contributed to his injury, it is imputed to him in the law."

*Harry M. Silber,* attorney, and *A. J. Schmitz,* of counsel, for the appellant.

For the respondent there was a brief by *C. H. Van Alstine* and *H. J. Killilea,* and oral argument by *Mr. Van Alstine.*

BARNES, J.   The appellant claims that he was entitled to judgment on the verdict or else to a new trial.

The first claim is based on the assumption that the court should hold as a matter of law that there was no evidence in the case which would warrant a finding of contributory negligence, the jury having negatived the claim that warning was given by defendant's employees. This contention must be overruled. There was ample ground for the jury to find that had the plaintiff made reasonable and intelligent use of his senses of hearing and sight he could have discovered the approach of the train. The day was bright. The cars were being switched up grade. Plaintiff was at the front end of the car that was struck. It is very probable that the switch engine and the cars attached thereto made sufficient noise to be heard a distance of two car lengths. If they did not, then the jury might well have found that plaintiff should have heard and heeded the warning given by the co-employee Barth to Klubertanz. These men were at the other end of the car.

The right to a new trial is asserted because of error in admitting in evidence the agreement between the defendant and the Schlitz Brewing Company in regard to the ownership of

tracks and switching operations in the Schlitz yard, and because of erroneous instructions having been given to the jury under the sixth question in the special verdict.

The injury was received by an employee of the Schlitz Brewing Company who was engaged in a switching operation, by reason of the alleged negligence of the employees of the defendant. It was proper to show the agreement under which switching operations were carried on. In any event we do not see how the plaintiff could have been prejudiced by the evidence. As a matter of fact, it is quite evident that the plaintiff was not injured by it. If it had any effect, it would not be in the direction of convicting the plaintiff of contributory negligence. It had no possible bearing on this issue.

The paragraph of the charge numbered 1 in the statement of facts was a substantially correct statement of the law, had the relation of master and servant existed. The appellant argues that the doctrine of assumed risk does not apply or extend to negligence cases where the relation of the parties is other than that of master and servant, and that therefore the instruction was erroneous. Conceding the rule to be as appellant claims, no prejudicial error was committed. There was no evidence in the case which showed or tended to show that plaintiff assumed the risk which caused his injury. The injury, according to the findings of the jury, was due to the fact that cars were backed against the one on which plaintiff was working, without any warning having been given of their approach. The evidence on plaintiff's part was to the effect that on former occasions warning had always been given. The defendant's evidence was to the same effect and also to the effect that warning was given on this occasion. The plaintiff could not assume a risk which he knew nothing about, and one to which he had never before been subjected, and one which he had no means of knowing that he would ever meet. We cannot assume that the jury would base its finding on a point which had no support in the evidence, when there were

other grounds upon which contributory negligence might be found under the evidence.

The paragraph of the charge numbered 2 in the statement of facts was a substantially correct statement of the law and was appropriate under the evidence, hence there was no error in giving it.

The paragraph numbered 3 of the charge as found in the statement of facts was erroneous. The doctrine of imputed negligence is of limited application. In this state it has been largely although not wholly confined to cases where persons riding behind horses were injured and where the negligence of the driver was a contributing cause to the injury. These cases, beginning with *Prideaux v. Mineral Point,* 43 Wis. 513, are numerous. The rule has not been applied to the relation of master and servant here, and we know of no good reason why it should be. It would be a very harsh doctrine to apply to such a relation, being the equivalent of saying that an employee was actually guilty of negligence himself because his fellow-servant was negligent. The contrary rule is in substance held in *Landry v. G. N. R. Co.* 152 Wis. 379, 140 N. W. 75.

The most serious question in the case is whether the error should be held prejudicial. No very satisfactory conclusion can be reached on this subject. The evidence that plaintiff's fellow-servants were negligent is rather slight. If they were, it was because Barth did not efficiently warn plaintiff that the train was approaching. The jury might find that he could and should have done so. It might well have found the contrary. The jury may have answered the sixth question as it did because it concluded that had plaintiff made reasonable use of his senses he could have seen and averted the danger. If this was the conclusion which the jury reached, the instruction did the plaintiff no harm, because the verdict would have been the same had the erroneous instruction not been given. On the contrary, if the jury thought that Barth was negligent

in failing to warn the plaintiff and imputed such negligence to the latter and returned the answer which it did on this ground, the instruction was prejudicial as a matter of course. Unfortunately we are unable to look into the minds of the jurors and satisfy ourselves on which basis the verdict was returned. A majority of the court is of the opinion that the error should be held prejudicial under the rule of *Adams v. Bucyrus Co., ante,* p. 70, 143 N. W. 1027, and cases there cited.

*By the Court.*—Judgment reversed and a new trial ordered.