HOLLENBECK, Appellant, vs. CHIPPEWA SUGAR COMPANY
and another, Respondents.

*December 9, 1913—March 17, 1914.*

*Master and servant: Injury: Negligence: Unsafe working place:*
*Railroads: Moving cars without warning: Contributory negli-*
*gence: Questions for jury: Appeal: Directing judgment below.*

1. An employee of a sugar company, engaged near the middle of a
   shed 400 feet long in unloading beets from cars which were
   pushed in, at intervals varying from twenty minutes to an hour
   or more, upon a track laid in an alley or space so narrow that
   a man could not stand between a car and the bins on either
   side, was required, after a car had been unloaded, to descend
   to the ground in such alley and shovel into the bins the beets
   which had fallen down in the course of unloading. There was
   no rule of the company for giving warning of the approach of
   cars, and no ladders or other means were provided by which
   the employee could climb upon the bins and escape. *Held,*
   that proof of these facts was sufficient to support the finding
   of a jury that the company was negligent in failing to provide
   a reasonably safe place to work.
2. Evidence that the employees of the railway company engaged in
   moving loaded cars upon such track had no lookout upon a
   car which was being pushed in ahead of the engine at the rate
   of six or eight miles per hour, and gave no warning of its ap-
   proach to the employees of the sugar company working upon
   the track, was sufficient to sustain a finding of actionable neg-
   ligence against such railway company.
3. An employee of the sugar company who, while working upon
   such track, was injured by a car pushed in without warning,
   was not guilty of contributory negligence as a matter of law,
   although he was working with his back to the direction from
   which the cars came, had not looked for cars for five minutes
   or more before the injury, and did not hear the ringing of the
   engine bell,—there being evidence that he was necessarily
   working in haste and, because he was a right-handed shoveler,
   was obliged to face the way he did, that he had been told that
   another car would not be pushed in for twenty minutes and if
   it should come sooner he would be notified, that he relied upon
   being so notified, as he had been on former occasions and as
   was customary, and that there was much noise from trains and
   other sources near by. Under such circumstances the question
   of contributory negligence was for the jury.

4. Where, in an action for personal injuries, plaintiff was entitled to judgment upon the verdict as rendered, and the trial court erroneously changed an answer of the special verdict so as to charge him with contributory negligence, the judgment should be reversed upon appeal and the cause remanded with directions to reinstate the answer of the jury and enter the judgment which should be entered.

APPEAL from a judgment of the circuit court for Chippewa county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Action for personal injuries. The negligence alleged is in effect that the defendant *Chippewa Sugar Company* failed to furnish plaintiff a reasonably safe place to work and failed to promulgate rules for the warning of men working upon the tracks where cars were being shunted in. The alleged negligence on the part of the railway company is failure to keep a lookout when moving cars, and failure to give warning of the movements of cars.

A special verdict was returned as follows:

"(1) Did the defendant *Chippewa Sugar Company* fail to furnish the plaintiff with a reasonably safe place in which to perform his work? A. Yes.

"(2) If you answer question 1 'Yes,' then did the said defendant *Chippewa Sugar Company* fail to exercise ordinary care in failing to furnish the plaintiff with a reasonably safe place in which to perform his work? A. Yes.

"(3) If you answer question No. 2 'Yes,' then was said failure of the said defendant *Sugar Company* to exercise ordinary care the proximate cause of the plaintiff's injury? A. Yes.

"(4) During all the time that plaintiff was working in the beet shed and prior to the occasion of his injury, whenever the servants of the defendant railway company were about to move the train of cars into the alley in said shed where men were picking up beets, did there exist on the part of the railway employees a custom always to notify said men so working in said alley of the approach of said cars? A. Yes.

"(5) Did James Hedrington inform the plaintiff, before the time when the plaintiff was injured, that said railway

company's servants always followed the custom mentioned in question No. 4? *A.* Yes.

"(5½) If you answer question No. 5 'Yes,' did plaintiff, up to the time of his injury, rely upon said information and believe it to be true? *A.* Yes.

"(6) Did the defendant *Sugar Company,* prior to the time the plaintiff was injured, fail to provide and put into practice any rule for giving warning to persons who were at work in the alleys picking up beets, of the approach of trains of cars whenever such cars were about to be moved into said alleys where said persons were working? *A.* Yes.

"(7) If you answer question No. 6 'Yes,' then did the defendant *Sugar Company* fail to exercise ordinary care in failing to provide and put into practice such rule for warning such persons of the approach of said train? *A.* Yes.

"(8) If you answer question No. 7 'Yes,' then was such failure of the defendant *Sugar Company* to exercise ordinary care the proximate cause of the plaintiff's injury? *A.* Yes.

"(9) When the servants of the railway company moved the train of cars into the alley where the plaintiff was working, just before the time of his injury, did said servants who had charge of said train fail to give reasonable warning to all persons who might be in said alley of the approach of said train? *A.* Yes.

"(10) If you answer question No. 9 'Yes,' then did said railway servants fail to exercise ordinary care in failing to give such warning? *A.* Yes.

"(11) If you answer question No. 10 'Yes,' then was such failure of said railway servants to exercise ordinary care in failing to give such warning the proximate cause of plaintiff's injury? *A.* Yes.

"(12) Did said railway servants, who had charge of the movement of the cars just before the time of the plaintiff's injury, all fail to keep a reasonable lookout in the direction in which said cars were moving to prevent injury to persons who might be on and near the railway tracks? *A.* Yes.

"(13) If you answer question No. 12 'Yes,' then did such railway servants fail to exercise ordinary care in failing to keep such lookout? *A.* Yes.

"(14) If you answer question No. 13 'Yes,' then was said failure of said railway servants to exercise ordinary care in

failing to keep such lookout the proximate cause of the plaintiff's injury?  *A.* Yes.

"(15) Was the danger of the plaintiff getting injured by the cars while working in the alley under the conditions as they existed, such that the plaintiff by the exercise of ordinary care should have known and appreciated such danger before the time of his injury?  *A.* No.

"(16) Did any want of ordinary care on the part of the plaintiff proximately contribute to his injury?  *A.* No.

"(17) If the court should determine that the plaintiff is entitled to judgment on this verdict, then at what sum do you assess the plaintiff's damages?  *A.* $7,500."

On motions made after verdict the court changed the answer to the sixteenth question from "No" to "Yes" and found plaintiff guilty of contributory negligence, and ordered judgment dismissing the complaint.  Judgment was entered accordingly, from which this appeal was taken.

*W. H. Frawley* and *T. F. Frawley,* for the appellant, upon the question of contributory negligence, cited, among other authorities, Bailey, Pers. Inj. sec. 1433; 3 Labatt, Mast. & Serv. (2d ed.) sec. 1266; 3 Elliott, Railroads (2d ed.) §§ 1265*d*, 1315*c; St. Louis, I. M. & S. R. Co. v. Jackson,* 78 Ark. 100, 93 S. W. 746; *Egan v. Southern P. Co.* 15 Cal. App. 766, 115 Pac. 939; *St. Louis, A. & T. H. R. Co. v. Eggmann,* 161 Ill. 155, 43 N. E. 620; *Shoner v. Pennsylvania Co.* 130 Ind. 170, 28 N. E. 616, 29 N. E. 775; *Baltimore & O. S. W. R. Co. v. Peterson,* 156 Ind. 364, 59 N. E. 1044; *Pittsburgh, C., C. & St. L. R. Co. v. Rogers,* 45 Ind. App. 230, 87 N. E. 28; *Crowley v. B., C. R. & N. R. Co.* 65 Iowa, 658, 20 N. W. 467, 22 N. W. 918; *Comstock v. U. P. R. Co.* 56 Kan. 228, 42 Pac. 724; *Dowell v. C., R. I. & P. R. Co.* 83 Kan. 562, 112 Pac. 136; *Pittsburgh, C., C. & St. L. R. Co. v. Schaub,* 136 Ky. 652, 124 S. W. 885; *Heaney v. Boston E. R. Co.* 211 Mass. 467, 98 N. E. 89; *Cornell v. G. N. R. Co.* 112 Minn. 341, 128 N. W. 22; *Schoen v. C., St. P., M. & O. R. Co.* 112 Minn. 38, 127 N. W. 433; *Albanese v.*

*C. R. Co.* 70 N. J. Law, 241, 57 Atl. 447; *Mullin v. C. R. Co.* 77 N. J. Law, 241, 72 Atl. 426; *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Ditberner v. C., M. & St. P. R. Co.* 47 Wis. 138, 2 N. W. 69; *Promer v. M., L. S. & W. R. Co.* 90 Wis. 215, 63 N. W. 90; *Bain v. N. P. R. Co.* 120 Wis. 412, 98 N. W. 241; *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98 N. W. 948; *Sparks v. Wis. Cent. R. Co.* 139 Wis. 108, 120 N. W. 858; *Hendrickson v. Wis. Cent. R. Co.* 143 Wis. 179, 122 N. W. 758, 126 N. W. 686; *McHolm v. Philadelphia & R. C. & I. Co.* 147 Wis. 381, 132 N. W. 585; *Collins v. C. & N. W. R. Co.* 150 Wis. 305, 136 N. W. 628; *Slam v. L. S. T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30; *Gray v. C. & N. W. R. Co.* 153 Wis. 637, 142 N. W. 505.

For the respondent *Chippewa Sugar Company* there was a brief by *W. H. Stafford,* attorney, and *T. J. Connor,* of counsel, and oral argument by *Mr. Stafford.* They cited, *inter. alia, Goodrich v. Chippewa Valley E. R. Co.* 108 Wis. 329, 84 N. W. 419; *McCadden v. Abbot,* 92 Wis. 551, 66 N. W. 694; *Guhl v. Whitcomb,* 109 Wis. 69, 85 N. W. 142; *Aerkfetz v. Humphreys,* 145 U. S. 418, 12 Sup. Ct. 835; *Keefe v. C. & N. W. R. Co.* 92 Iowa, 182, 60 N. W. 503; *Tomko v. C. R. Co.* 1 App. Div. 289, 37 N. Y. Supp. 144; *Grand Trunk R. Co. v. Baird,* 94 Fed. 946; *Carlson v. C. S. & M. R. Co.* 120 Mich. 481, 79 N. W. 688; *Daly v. Detroit City St. R. Co.* 105 Mich. 193, 63 N. W. 73; *Schmolze v. C., M. & St. P. R. Co.* 83 Wis. 659, 53 N. W. 743, 54 N. W. 106; *Sours v. G. N. R. Co.* 88 Minn. 504, 93 N. W. 517; *Lynch v. B. & A. R. Co.* 159 Mass. 536, 34 N. E. 1072.

For the respondent *Minneapolis, St. Paul & Sault Ste. Marie Railway Company* there was a brief by *W. A. Hayes,* attorney, and *John L. Erdall,* of counsel, and oral argument by *Mr. Hayes.* They cited the following additional cases: *Rothe v. M. & St. P. R. Co.* 21 Wis. 256; *Lofdahl v. M., St. P. & S. S. M. R. Co.* 88 Wis. 421, 60 N. W. 795; *Wilber v.*

*Wis. Cent. R. Co.* 86 Wis. 535, 57 N. W. 356; *Schlimgen v. C., M. & St. P. R. Co.* 90 Wis. 186, 62 N. W. 1045; *Nolan v. M., L. S. & W. R. Co.* 91 Wis. 16, 64 N. W. 319; *Hanson v. C. V. & N. R. Co.* 150 Wis. 104, 135 N. W. 488; *Montague v. C., M. & St. P. R. Co.* 82 Fed. 787; *Chicago & W. I. R. Co. v. Reichert,* 69 Ill. App. 91; *Spaven v. L. S. & M. S. R. Co.* 130 Mich. 579, 90 N. W. 325.

The following opinion was filed January 13, 1914:

Kerwin, J.    The alleged contributory negligence of the plaintiff is the main question in the case, although counsel for respondents argue that no negligence on the part of defendants was shown.    The jury found negligence on the part of both defendants and the court below did not disturb such findings.

A careful examination of the evidence convinces us that the findings of negligence are well supported by the evidence. Counsel for defendant *Chippewa Sugar Company* contends that the place where plaintiff was working was safe.    It appears that the shed where the beets were being stored was about 400 feet long and between 100 and 133 feet wide, with three alleys running through it lengthwise occupied by railway tracks, the middle alley being the one where plaintiff was at work when injured.    The duties of the plaintiff and several others were to unload cars as they were shoved in upon these tracks.    In unloading, beets would fall beside the cars, and when the cars were switched out the men engaged in unloading would shovel the beets which were upon the ground into the bin.    The work of unloading was done in great haste, the men being paid by the ton and having to work rapidly in order to keep the unloading done as fast as the cars came in. The alleys in the sheds through which the tracks were laid were narrow, there being not sufficient room in some places between the side of the car and bin for a man to safely stand, so it was necessary for the men shoveling beets into the bin to

get out of the way when a car was being shoved in. The sides of the bins were between six and eight feet high, and no provision was made by ladders or otherwise for climbing out of the alley upon the bins. When the car was shoved in, the men on the ground shoveling beets into the bin, when they had notice of its coming, would go out of the alley. In the instant case there is evidence that the car came into the alley at the rate of six or eight miles per hour, and that plaintiff did not see it in time to get out of the way, and was crushed between the side of the bin and the car; that cars were pushed in at intervals varying from twenty minutes to an hour or more, and plaintiff relied upon being notified of the approach of cars; that he was on the north side of the alley, with his back to the east, shoveling beets from the ground into the bin; that when the car came upon him he did not have time to get out at the west and tried to climb upon the bin, but, owing to there being no ladder or other appliance to aid in ascending, he failed and was caught and injured. The injury occurred November 8, 1911. It is clear from the evidence that the jury was well warranted in finding that the defendant *Chippewa Sugar Company* failed to furnish a safe place for plaintiff to work. *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317.

It is also clear that the findings charging the defendant *Minneapolis, St. Paul & Sault Ste. Marie Railway Company* with negligence are well supported by the evidence. There is abundance of evidence that the defendant railway company, while operating its cars and backing the car that struck and injured plaintiff, failed to keep a lookout and failed to give warning of the movements of the car. The evidence and findings, therefore, established actionable negligence on the part of the defendant *Minneapolis, St. Paul & Sault Ste. Marie Railway Company. Slam v. Lake Superior T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30; *Collins v. C. & N. W. R. Co.* 150 Wis. 305, 136 N. W. 628; *Hendrickson v. Wis. Cent.*

*R. Co.* 143 Wis. 179, 122 N. W. 758, 126 N. W. 686; *Landry v. G. N. R. Co.* 152 Wis. 379, 140 N. W. 75; *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865.

The alleged contributory negligence of plaintiff is the only serious question in the case. The jury found that plaintiff was not guilty of any negligence contributing to his injury and the court below changed the answer of the jury. We are of opinion, after a careful examination of the evidence, that the court below was in error in disturbing the finding of the jury upon the question of contributory negligence. It is strenuously contended by counsel for both defendants that the plaintiff was guilty of contributory negligence as matter of law in not looking out for his own safety and observing the car as it was pushed in and escaping before it struck him. It is argued that had he watched for the car he could have seen it in time to have escaped through the alley to the west or climbed upon the bin and thus have avoided injury; that the bell was ringing, and had the plaintiff been in the exercise of ordinary care he would have heard the car approaching and heard the bell ringing. On the other hand, the evidence tends to show that the plaintiff was near the middle of the shed, with his face to the west, shoveling beets into the bin; that he faced the west because he was a right-hand shoveler, therefore had to face the west as he stood on the north side of the alley; that there was considerable noise caused by several men engaged in throwing frozen beets into the bins; that he was shoveling only about five minutes at this particular place when the car struck him, and he was told by the foreman that the car would not come in for about twenty minutes, and was working in great haste in order to get the beets in the alley into the bin; that notice had been given him on former occasions of the approach of the cars, and when he began shoveling beets no car was in sight; that cars were shoved into the three alleys from the east end ahead of the engine, and it was customary to have a man on the car who would notify the men

putting beets into the bins to get out of the way. The cars varied in width, the wide cars coming close to the bins, at places from four to six inches from the bin; at other places from eight to twelve inches from the bin. It was the duty of the plaintiff to pick up the beets as soon as the car was pulled out, and he was doing so when injured. The evidence further shows that plaintiff kept on working and did not look for the car because he was told a car would not be pushed in for twenty minutes, and if it should come sooner the foreman told him he would be notified of its approach; that he did not see the car until it was passing by him, and then he saw the big car and tried to throw himself over the bin and failed and was struck by the car, and that he did not have time to get out at the west end ahead of the car because the cars were going too fast and because of obstructions in the alley; that in backing in cars before the time in question, notice had been given to plaintiff that cars were coming, but no notice was given at the time of injury; that no lookout was kept and no warning given; that there was so much noise around the sheds, the main line of the railway company and its yards being only a very short distance therefrom and trains almost constantly in motion there, that it was difficult to tell, when a bell was ringing, just where the train was.

We shall not further extend this opinion by recital of evidence. We think the question of contributory negligence was for the jury. It will also be observed that the court below changed only the answer to the sixteenth question of the special verdict, leaving the other questions unchanged. By the other questions the jury found that there existed a custom on the part of the employees of the defendant railway company to notify men working in the alleys of the approach of cars, and that the plaintiff was notified that the railway company always followed such custom, and that up to the time of the injury plaintiff relied upon such custom.

Counsel for respondents lay great stress upon the fact that

plaintiff admitted that at other times he looked for cars, but that at the time in question and for five minutes or more before the injury he did not look at all. Whether under the circumstances of the case it was contributory negligence to fail to look for five minutes before the injury when the plaintiff was working in haste, and whether he had a right to rely upon notice being given.and that the car would not come in for twenty minutes, were proper for the consideration of the jury. *Gray v. C. & N. W. R. Co.* 153 Wis. 637, 142 N. W. 505; *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98 N. W. 948; *Jakopac v. Newport M. Co.* 153 Wis. 176, 140 N. W. 1060; *Novitski v. Waite G. C. Co.* 153 Wis. 266, 140 N. W. 1064; *Holloway v. H. W. Johns-Manville Co.* 135 Wis. 629, 116 N. W. 635.

We think the question of contributory negligence was for the jury. *Collins v. C. & N. W. R. Co.* 150 Wis. 305, 136 N. W. 628; *Slam v. Lake Superior T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30; *Ditberner v. C., M. & St. P. R. Co.* 47 Wis. 138, 2 N. W. 69; *Johnson v. Lake Superior T. & T. Co.* 86 Wis. 64, 56 N. W. 161; *Bain v. N. P. R. Co.* 120 Wis. 412, 98 N. W. 241; *Hendrickson v. Wis. Cent. R. Co.* 143 Wis. 179, 122 N. W. 758, 126 N. W. 686; *McHolm v. Philadelphia & R. C. & I. Co.* 147 Wis. 381, 132 N. W. 585.

The plaintiff was entitled to judgment upon the verdict as returned by the jury. The answer of the jury to the sixteenth question should therefore be reinstated and judgment entered for plaintiff. *Monahan v. Fairbanks-Morse Mfg. Co.* 147 Wis. 104, 132 N. W. 983.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to reinstate the answer of the jury to the sixteenth question of the special verdict and enter judgment in favor of the plaintiff upon the verdict of the jury.

The respondent *Chippewa Sugar Company* moved for a re-

hearing, and the respondent *Minneapolis, St. Paul & Sault Ste. Marie Railway Company* moved for a modification of the mandate or a rehearing.

For the respondent *Sugar Company* there were briefs by *W. H. Stafford,* attorney, and *T. J. Connor,* of counsel.

For the respondent *Railway Company* there was a brief by *W. A. Hayes,* attorney, and *A. H. Bright, John L. Erdall, T. M. Holland, W. E. Fisher,* and *John F. Kluwin,* of counsel.

Both motions were denied, with $25 costs in each case, on March 17, 1914.