REITER, Appellant, vs. GROBER and another, Respondents.

*January 12—March 8, 1921.*

*Automobiles: Negligence of driver as imputed to occupants: Liability for negligence of driver.*

1. Where the evidence in an action for injuries sustained by the plaintiff by being run over by an automobile showed that the automobile journey during which the accident occurred was to make a social visit for which one of the defendants, who was driving the car, alone had received an invitation, and that he had invited his father and brother, who were the other defendants, to ride with him, it is *held* that the father and brother were guests in the automobile, even though it was owned by the father, and that the driver alone is liable for injuries to third persons caused by his negligence.

2. The negligence of the driver of a private vehicle is not imputed to an occupant who has no control over the driver, is not engaged in a joint undertaking with him, is guilty of no negligence himself, and stands in no other relation to the driver requiring the negligence of the latter to be imputed to the occupant.

3. The doctrine of *Prideaux v. Mineral Point,* 43 Wis. 513, in so far as it imputes the negligence of the driver of a private vehicle to an occupant therein, although steadily adhered to since its announcement, is not a rule of property so as to make applicable the rule of *stare decisis;* and in the interests of justice and to conform to the overwhelming weight of authority it is expressly overruled.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action to recover damages for injuries sustained by plaintiff in being run over by an automobile driven by Harvey Grober. *William Grober,* his brother, and *Gust Grober,* his father, the respondents, were also occupants of the automobile. It appears that *Gust Grober* and *William* were guests in the automobile, having been invited by Harvey to accompany him on the trip. Much evidence was taken as to who owned the automobile, the sons Harvey and Edwin or the father. The trial court found that the sons named owned the machine and entered judgment dismissing the complaint upon the merits as to *William Grober* and *Gust Grober,* whereupon plaintiff voluntarily entered a nonsuit against the defendant Harvey Grober, and appealed from the judgment dismissing the case as to *Gust* and *William Grober.*

*William A. Schroeder* and *Horace B. Walmsley,* both of Milwaukee, for the appellant.

For the respondents there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Horan.*

VINJE, J. We have carefully examined the evidence with reference to the ownership of the automobile with the result that we think the trial court correctly decided that issue. But if it did not the legal questions presented would be the same, for the evidence is undisputed that Harvey Grober was the one primarily interested in making the social visit that was made. He alone received the invitation and he in turn invited his father and brother to accompany him. This they did as his guests. He drove the machine, and there is no evidence that either the father or the brother interfered in the least with his management of it or were called upon to do so. A man may be a guest in his own automobile. So even if the father owned the machine, under the evidence he would have to be classed as a guest therein so far as this trip

is concerned.   The same is true of the brother, *William*.   As guests are they liable to plaintiff for the negligence of Harvey, the driver?   It is claimed that they are, under the doctrine of *Prideaux v. Mineral Point,* 43 Wis. 513.   That case held that the driver of a private conveyance is the agent of a person therein to the extent that if his negligence contributes jointly with that of a third person to an injury received by the occupant there can be no recovery against the third person because the negligence of the driver is imputed to the occupant, thus creating contributory negligence barring recovery.   It is now sought to extend this doctrine so as to make the occupant liable to third persons for the negligence of the driver.   That there is a substantial difference between the rule as announced in the *Prideaux Case* and the claim made by plaintiff is obvious.   A person may well be content to trust his own safety to a driver, and yet not be willing to indemnify third persons who may suffer through his negligence.   He may say, so far as I am concerned his negligence is my negligence, but I do not agree to become responsible to others for his negligence.   To extend the doctrine to that degree would make a guest in a private conveyance an insurer of third persons against the negligence of the driver.   Instead of being invested with the liabilities of a guest he would shoulder those of a master.   We not only decline to so extend the rule of *Prideaux v. Mineral Point,* 43 Wis. 513, in so far as it imputes the negligence of the driver of a private vehicle to an occupant therein, but we take this occasion to expressly overrule it.   We do so now the more readily because no litigant before the court suffers by reason of the repudiation of the doctrine.   It had its inception in this state in *Houfe v. Fulton,* 29 Wis. 296, decided in 1871, where Mr. Chief Justice Dixon says:

"The only questions here are whether there was any want of ordinary care on the part of the plaintiff or on the part of the person with whom he was riding and who was driving the horse at the time of the injury, which also contributes

to the injury, . . . and whether the defect in the bridge was the sole cause of the injury." Page 299.

The court held that since the evidence did not conclusively show such negligence on the part of the driver a nonsuit was improperly granted. This implied that negligence of the driver would bar recovery as stated in *Prideaux v. Mineral Point,* 43 Wis. 513, 526. But it was not until the decision in the latter case that this state became explicitly sponsor for the doctrine that an occupant in a private conveyance who has no control over the driver; who is not engaged with him in a joint undertaking other than traveling with him, and who stands in no blood, marriage, or other relation to him, has the negligence of the driver imputed to him so as to bar a recovery against a third person whose negligence contributed to the injury. The principle there announced has been steadily followed since, either by a re-affirmance thereof or under the rule of *stare decisis.* See *Otis v. Janesville,* 47 Wis. 422, 2 N. W. 783; *Johnson v. Superior R. T. R. Co.* 91 Wis. 233, 64 N. W. 753; *Lockwood v. Belle City St. R. Co.* 92 Wis. 97, 65 N. W. 866; *Ritger v. Milwaukee,* 99 Wis. 190, 74 N. W. 815; *Olson v. Luck,* 103 Wis. 33, 79 N. W. 29; *Lightfoot v. Winnebago T. Co.* 123 Wis. 479, 102 N. W. 30; *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629; *Landry v. Great Northern R. Co.* 152 Wis. 379, 140 N. W. 75; *Hains v. Johnson,* 154 Wis. 648, 143 N. W. 653; *Sommerfeld v. C., M. & St. P. R. Co.* 155 Wis. 102, 143 N. W. 1032; *Kuchler v. Milwaukee E. R. & L. Co.* 157 Wis. 107, 146 N. W. 1133; *Puhr v. C. & N. W. R. Co.* 171 Wis. 154, 176 N. W. 767. In the *Kuchler Case* it was applied in all its rigor to a boy ten years old riding with his grandfather. So it must be admitted that there has been no substantial wavering on the question. In *Lightfoot v. Winnebago T. Co.* 123 Wis. 479, 102 N. W. 30, Mr. Chief Justice CASSODAY said that the rule had been steadily adhered to and that if a contrary rule was to prevail it was for the legislature to say so. Were it a rule of property we should

certainly apply to it the rule of *stare decisis*. But it is not a rule of property. It is a pure judicial decree relating to liability for negligence, and the court would not for a moment give countenance to an argument that a wrongdoer relied upon it. We are therefore at liberty to change the rule in the interests of justice and to conform to the overwhelming majority rule. See cases cited in note to 8 L. R. A. N. s. 597 *et seq.* and in L. R. A. 1915A, 763, supplementing it, and also 20 Ruling Case Law, 158 *et seq.* and cases cited in note 13; *Id.* 163; Whittaker's Smith on Negligence (2d Am. ed. 1896, p. 508) ; 1 Shearman & Redf. Negligence (6th ed.) § 65a *et seq.;* 1 Thompson, Comm. on Negligence (2d ed.) § 499 *et seq.;* Buswell, Personal Injuries (2d ed.) § 105; Beach, Contributory Negligence (2d ed.) § 110; 1 Beven, Negligence (2d ed.) p. 203 *et seq.;* 29 Cyc. 548; dissenting opinion in *Mullen v. Owosso,* 100 Mich. 103, 58 N. W. 663, 23 L. R. A. 693. The above authorities show that only a few states adhere to the imputed negligence rule and some of them by a divided court.

The doctrine was founded upon the idea that the occupant voluntarily made the driver his agent for the trip by accepting a ride with him;—that he trusted his safety to him and thereby became so identified with him that the driver's negligence became his own. While there is some ethical ground for this idea it has never received extended judicial approval, and it has been pointed out that it rests upon no sound legal basis either as to agency or identity; that the driver as well as the third party become tortfeasors toward the occupant when he is injured by their joint negligence, and that he can pursue either or both.

The rule has received severe criticism by many text-writers. See 1 Shearman & Redf. Negligence (6th ed.) p. 166 *et seq.;* 1 Thompson, Comm. on Negligence (2d ed.) § 499. Strange to say, in spite of the fact that Mr. Chief Justice RYAN pointed out in the *Prideaux Case* that it might not be applicable to public conveyances, the Wisconsin rule

has often been discussed as though it applied to them. The case of *Thorogood v. Bryan,* 8 C. B. 115, applied to public conveyances—omnibuses,—and it has been generally conceived that, since that case has been discredited by English and American courts (see text-writers cited above), the same discredit has attached to the rule of imputed negligence declared in the *Prideaux Case.* Our court has never applied the rule to public conveyances and has negatived such application. *Landry v. Great Northern R. Co.* 152 Wis. 379, 140 N. W. 75; *Ellis v. C. & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048; *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378. This much charity requires to be said in behalf of the doctrine now to be laid at rest after a vigorous life of fifty years.

When and under what circumstances the occupant may be guilty of contributory negligence or engaged in a joint undertaking with the driver or stand in such relation to him that the negligence of the driver may be imputed to him it is not now necessary to discuss.

Only so much of the *Prideaux Case* is overruled as imputes the negligence of the driver to an occupant in a private conveyance who has no control over the driver; is not engaged in a joint undertaking with him; is guilty of no negligence himself; and stands in no other relation to him requiring his negligence to be imputed to the occupant.

*By the Court.*—Judgment affirmed.